[Crim. No. 2029.  Second Appellate District, Division One.—March 17, 1931.]

THE PEOPLE, Respondent, v. GLENN A. ROGERS, Appellant.

Ralph D. Paonessa and Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CONREY, P. J.—It is provided by statute that "Every person who within the State of California . . . possesses any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag or metal knuckles . . . shall be guilty of. a felony. . . . '' (Stats. 1923, p. 695; Deering's General Laws (1925–1927 Supp.), Act 1970.) The foregoing quotation, which is from section 1 of the act as amended by Statutes of 1925, page 542, specifies certain exceptions of police and other officers from the operation of the act, in relation to the carrying of a wooden club, baton or other authorized equipment. The defendant having been convicted of a violation of this act, appeals from the judgment and from an order denying his motion for a new trial.

Appellant contends that said section 1 is unconstitutional in that it provides for deprivation of property without due process of law. He claims that by making mere possession a felony it is attempted to make it unlawful to possess one of the described articles even as part of a collection of curios. He suggests the further point that the section is unconstitutional in so far as it attempts to prohibit the importation of the enumerated weapons into this state and so constitutes an interference with the right of the federal government to regulate commerce with foreign nations, and among the several states. At the trial appellant testified with respect to the blackjack or sap, which he was charged with having in his possession, that he bought it as a curiosity in Colon, Panama, during his time of service in the navy. In his testimony, however, he admitted that on the day of the arrest he had the said blackjack or sap and a gun, together with some articles of clothing, in a traveling bag which he carried from his place of residence in Los Angeles to the house where, on the same day, he was arrested. It appears from other evidence that

about midnight on that day, together with one Miss Cooley, he had carried said bag and contents to the home of Miss Cooley where he was arrested later in the day; that at the last-named time and place and in the presence of the defendant and Miss Cooley, the officers opened the bag and found said blackjack or sap in the bag. Miss Cooley testified that she heard one of the police officers say "Oh, you carry a blackjack around," and that the defendant, who was present there at the time, did not make any reply. From the evidence thus produced showing the circumstances under which the weapon was found in the possession of the defendant, we think that he is not entitled to the benefit of the points presented by him on the constitutionality of the act, although it may be that under other circumstances there might be some merit in these points. (*A. F. Estabrook Co.* v. *Industrial Acc. Com.*, 177 Cal. 767 [177 Pac. 848].) The defendant is not prosecuted for importing the weapon into California. The circumstances under which the weapon was found in his possession are sufficient to exclude the claim of possession as a curio at the time, even if when originally purchased by the defendant he had only intended to keep it as a curio.

Appellant further contends that the verdict of the jury in finding him guilty of possession of a sap is not sustained by the evidence. He claims that there was no evidence, independent of the defendant's admissions, to prove possession and that therefore the *corpus delicti* was not established; that in the absence of proof of the *corpus delicti*, testimony concerning admissions made to officers was not admissible and could not properly be considered by the jury. In the first place we think that by evidence independent of the admissions made to the officers, the *corpus delicti* was established. The testimony of Miss Cooley had shown the transportation of the weapon from the defendant's house to her own house by the defendant, in company with said witness. The bag and its contents, including said weapon, were therefore in the possession either of the defendant or Miss Cooley or of both of them, and such possession was on its face a violation of the statute. It only remained to determine which one of the two was the actual possessor of the weapon. The admissions made by the defendant to the officers were admissible in evidence for the

purpose of showing, as apparently they did, that the possession was that of the defendant and not that of Miss Cooley. Moreover, as we have seen, the defendant in his own testimony admitted that he had the bag at the Cooley residence and that the sap or blackjack was in the bag. ■ Erroneous admission of evidence of a fact subsequently admitted by a defendant's testimony, is harmless. (*People* v. *Booth,* 72 Cal. App. 161, 166 [236 Pac. 987].)

■ Appellant contends that it was error for the court to rule that the record in the case of *People* v. *Rogers,* wherein the defendant was charged with the crime of murder and thereafter acquitted, was not to be admitted in evidence. From further comments of counsel it appears that defendant intended to show that this blackjack or sap had been used as an exhibit in the murder trial, and that defendant expected thereby to establish former jeopardy with respect to the offense constituting the subject of the present action. There was no error in the ruling. It may be noted here that defendant claims that he had before the court in this case not only pleas of ''not guilty'', but pleas of ''not guilty by reason of former acquittal'' and ''once in jeopardy''. It does not appear that the crime of possession of the weapon at the time and place stated in the information herein was or could have been in any way included in the charge of murder for which the defendant had been tried. ■ Moreover, there was no sufficient plea of former acquittal or once in jeopardy. The only pleas shown in the record are found in the minutes of the court as set out in the clerk's transcript, as follows: '' 'Once in jeopardy'; 'Not guilty by reason of former acquittal'; 'Not guilty'.'' Concerning the first two of these pleas it is provided in section 1017 of the Penal Code that every plea must be oral and entered upon the minutes of the court in substantially the following form: ''3. If he plead a former conviction or acquittal; 'The defendant pleads that he has already been convicted (or acquitted) of the offense charged, by the judgment of the court of ——— (naming it), rendered at ——— (naming the place), on the —— day of ———.' 4. If he plead once in jeopardy: 'The defendant pleads that he has been once in jeopardy for the offense charged (specifying the time, place, and court).' '' In *People* v. *O'Leary,* 77 Cal. 30 [18 Pac. 856], the pleas

actually entered upon the minutes of the court were as follows: "1. Defendant pleads not guilty of the offense charged; 2. A former acquittal; 3. Once in jeopardy." The jury found the defendant guilty, but did not find on the issues of former acquittal and once in jeopardy. The Supreme Court held that the pleas entered upon the minutes were insufficient as not complying with section 1017 of the Penal Code. The court said: "The object of these forms is plain. The people should be informed of the circumstances as to time, place, and court." The court held that the pleas not being in the form required by the code it was not necessary for the jury to find on them, and the judgment was affirmed. To like effect, see *Rebstock* v. *Superior Court*, 146 Cal. 308, 315 [80 Pac. 55].

▮ Appellant claims that it was error for the court to overrule his objection to the following question put to him by the district attorney: "Q. One week ago last Friday you were convicted of the crime of robbery with a gun were you not?" Counsel for defendant objected to this question on the ground that the case referred to was now pending on appeal. A sufficient reply to this objection would be that defendant did not offer any evidence to prove that any appeal was pending. And even if an appeal was pending the objection would not have been good. Defendant having offered himself as a witness, the cross-examiner had the right to show that the witness had been convicted of a felony. The question related solely to the defendant as a witness and his credibility as a witness. The defendant having voluntarily testified in his own behalf, it was competent for the prosecution to show, either by his cross-examination or by the record of the judgment, that he had theretofore been convicted of a felony. (*People* v. *Soeder*, 150 Cal. 12, 21 [87 Pac. 1016].) It has been held that a witness may be asked upon cross-examination whether he had been convicted of a felony, where a conviction had been had by the verdict of a jury, but sentence had not yet been pronounced. (*People* v. *Ward*, 134 Cal. 301, 307 [66 Pac. 372].) Since such evidence of conviction is only for purposes of impeachment and goes only to the matter of credibility of the witness, we see no reason why the mere pendency of an appeal should affect the question of admissibility of the impeaching evidence.

■ Concerning the contention of appellant that the court erred in submitting to the jury certain modified forms of verdict, with the modifications showing on the face thereof, it is sufficient to say first, that the items of objection are trivial, and second, that it is shown in the reporter's transcript that the forms of verdict were submitted to counsel and approved by them before they were given to the jury.

■ Concerning the specification of error in a certain instruction given to the jury, we find that the language used by the court and criticised by appellant was more favorable to appellant than the instruction would have been without such language. Therefore he has no ground of complaint.

■ Concerning the three refused instructions requested by appellant, it appears upon the face of said instructions that they contained errors that justified the refusal. In addition to this we note that the instructions were "refused except as covered in instructions given". Inasmuch as the complete instructions have not been brought up, it will be presumed that the same subjects of instruction were properly covered by other instructions given by the court.

Due attention has been given to the assignments of misconduct of the district attorney. They appear to be without substantial merit. We think that appellant was given the benefit of a fair trial.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 30, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1931.