[Crim. No. 2625   Fourth Dist., Div. One.   Dec. 12, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. FLOYD DILL WILLIAMS, Defendant and Appellant.

J. Perry Langford, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

FINLEY, J. pro tem.*—The notice of appeal herein states that defendant "appeals from the judgment of conviction or other final order rendered against him in the above entitled matter on May 17, 1966."

Defendant pled guilty to assault with a deadly weapon (Pen. Code, § 245, subd. (a)), admitted three prior felony convictions, and applied for probation. After some discussion with counsel concerning the constitutionality of paragraph 5 of Penal Code, section 1203, the court denied probation.

Defendant bases his appeal on the ground that paragraph 5 of Penal Code, section 1203, insofar as it requires the concurrence of the district attorney in a judge's decision to grant probation, is in violation of the Fourteenth Amendment to the United States Constitution, and of article I, sections 11, 13, 21; article III, section 1; and article VI, sections 1, 5 of the since superseded California Constitution.

Respondent takes the initial position that the judgment provides no legal ground upon which appellant may predicate an appeal since his legal rights are not injuriously affected by the judgment. Following are respondent's points and authorities: The party claiming invalidity must show that his rights are injuriously affected by the portion of the law that he is attacking. (*In re Durand,* 6 Cal.App.2d 69, 70 [44 P.2d 367].) The party must be directly affected by its operation. (*People* v. *Steelik,* 187 Cal. 361, 365 [203 P. 78].) The detriment must run as to him and not depend upon a hypothetical question under which defendant claims that the statute would be invalid. (*People* v. *Busick,* 32 Cal.App.2d 315 [89 P.2d 657]; *People* v. *Rogers,* 112 Cal.App. 615 [297 P. 924].) One who seeks to raise a constitutional question must show that his rights are affected injuriously by the law which he attacks and that he is actually aggrieved by its operation. (*In re Durand, supra,* 6 Cal.App.2d 69; *People* v. *Perry,* 212 Cal. 186 [298 P. 19, 76 A.L.R. 1331]; *People* v. *Black,* 45 Cal.App.2d 87, 96 [113 P.2d 746].)

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

In reviewing the record in this matter we find the following discussion between the court and counsel:

"THE COURT: Just a minute. All right. Tell you what, Mr. Langford, I view the direction of 1203 as amended, to prohibit me from granting probation in the absence of the concurrence of the District Attorney, a condition which I'm not at all sure is constitutional, but there it is in the State statute. I'm going to view this case as one in which the offense falls within that section of 1203 which requires the concurrence of the District Attorney before the Court might, in the face of that section, call it an unusual case and grant probation. I consider the statute to tie my hands. I consider, in view of that language appearing in the 1965 amended version of section 1203 of the Penal Code, to prevent me from exercising my discretion in the matter.

"MR. FOX: To completely clear the record, your Honor, I will go on record as not concurring with any other disposition; in other words, I wouldn't concur if you did—

"THE COURT: —try to denominate it unusual and grant probation—

"MR. FOX: That is correct. So we'll have a nice, clear-cut case.

"MR. LANGFORD: I'd rather—much rather avoid doing that by having you give him a term in the road camp. See, this is an alternative offense, misdemeanor or a felony and—

"THE COURT: That I couldn't do, Mr. Langford.

"MR. LANGFORD: We could appeal that, too.

"THE COURT: I don't want to say anything more about it than I have already said, because I do view the section as expressing the intent of the legislature in just such a case as this one where the defendant has used a deadly weapon on the stomach of somebody or in that vicinity, so I don't want to say any more about it. You have a record right now and that's the end of it.

"Probation is denied on the grounds just stated.

"Arraign the defendant for sentence."

Thus it will be seen that there has been placed before us a question, the solution of which would not alter appellant's legal status. The court did not state that it would grant probation were it not for the provisions of paragraph 5 of Penal Code, section 1203. It did not make an order *granting* probation in the event of concurrence by the district attorney. It did not make such an order without concurrence by the district attorney or in the face of directly stated non-con-

currence. The order denying probation was without condition or qualification. Were the issue to be favorably decided in response to appellant's claim of unconstitutionality, this would not alter the guilty plea or change the order or reverse the judgment. It would, in effect, merely confirm an order made after judgment predicated upon the clear requirement of the remaining provisions of Penal Code, section 1203.

This result follows because, as is pointed out by respondent, if any part of paragraph 5 of Penal Code, section 1203 is held to be unconstitutional the entire paragraph must fall. In this event, appellant, under his plea of guilty to three prior felony convictions, would not be entitled to probation under any construction which could be placed upon the remainder of the section. Specific attention is called to paragraph 4 thereof which reads in part as follows: *"Except as hereafter provided in this section,* probation shall not be granted to any person who shall have . . . used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted, [assault with a deadly weapon] ... nor to any defendant unless the court shall be satisfied that he has not been *twice* previously convicted of felony in this state nor twice previously convicted in any other place or places of public offenses which would have been felonies if committed in this state. . . ."

The italicized words at the beginning of this quote from paragraph 4 of section 1203 refer to nothing appearing in the section other than paragraph 5. Therefore, if paragraph 5 were held to be unconstitutional these words in paragraph 4, *"Except as hereafter provided in this section,"* would be meaningless. It follows that if the unconstitutionality of paragraph 5, the sole point raised by appellant on appeal, were sustained by this court, his position would in no manner be affected or bettered. No right would be restored to him and no legal status altered.

The judgment and order denying probation are affirmed.

Brown, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1967.