26563. PEALOCK v. PEALOCK et al.

FELTON, Justice. James Royce Pealock filed a complaint for divorce against his wife, Viola Shelton Pealock. The defendant filed her answer and counterclaim, seeking a divorce and alleging that the parties owned an equitable title to their Gwinnett County home and that the plaintiff and his mother, Mrs. Roy (Nora) Pealock, conspired to defraud the defendant of her in-

terest in said property and to defeat defendant's claim for alimony from plaintiff. Defendant filed a third-party complaint against plaintiff's mother, seeking a decree of title to the property. The trial resulted in a verdict and decree of divorce for the defendant, awarding her the home as alimony, from which judgment the third-party defendant appeals.

1. "An oral gift of land becomes complete and irrevocable when the donee takes possession of the donated premises and, on the faith of the gift, makes valuable improvements; and, as against the donor and those claiming under him with notice, a completed gift of land invests the donee with a perfect equitable title." *Owens v. White,* 218 Ga. 1, 5 (126 SE2d 425) and cit. Although the third-party defendant testified that she intended to give the plaintiff and the defendant merely the use of the property while she was living, the finding of a completed, oral gift to them was authorized by evidence that she had orally promised the parties the land prior to their taking possession thereof and building their home thereon; that thereafter she frequently promised the parties that she intended to formally deed the property to them; that she had stated to a number of persons on several occasions, while she held the record title, that she had given the property to the parties; and that, although she had borrowed the money with which the parties bought the materials to construct the house, the parties repaid this money and subsequently made further improvements themselves. The court did not err in submitting this issue to the jury, or in overruling appellant's motion for a directed verdict and amended motion for a new trial on this ground.

2. It was not ground for a mistrial to admit into evidence the testimony of the parties' minor child, that the plaintiff father on several occasions had molested her, then, when she told her mother about it, had beat her and told the defendant mother that the daughter had lied. Regardless of whether earlier incidents of such behavior were condoned by defendant, the testimony was that the latest incident occurred just before the parties separated. Even after a reconciliation, fresh acts of cruelty will revive acts of cruelty. *Odom v. Odom,* 36 Ga. 286 (5); *Brown v. Brown,* 129 Ga. 246 (2) (58 SE 825). Although the

court had previously ruled out the defendant's testimony as to such incidents on the ground that she had not personally observed them, the defendant was entitled to have direct evidence thereof admitted for the purpose of showing cruelty as a ground for divorce, regardless of whether such evidence might cause prejudice with regard to other aspects of the case.

3. The court did not err in allowing the plaintiff to have the opening argument, the third-party defendant the concluding argument, and the defendant the argument in between. Although the third-party defendant appeared nominally as a defendant, on the only issue involving her—the title to the land in dispute—her interests were actually and wholly on the plaintiff's side, i.e., the defeating of the defendant's claim of the land as alimony. In this type of alignment of the parties, the distribution of the privileges of argument is usually a matter within the sound discretion of the judge. *Hines v. Donaldson,* 193 Ga. 783, 789 (20 SE2d 134). The judge did not abuse his discretion in allowing the opening argument by the plaintiff, by virtue of his having the burden of proof, and the concluding argument by the third-party defendant, whose interests were aligned with the plaintiff's.

4. Appellant complains that the court erred in charging the jury that, if they found that there was a gift of the land, the entire 3.69 acres would be set aside, whereas, it is contended, the jury should have been instructed that they could award any lesser amount than the entire 3.69 acres. There was no question as to the amount of land in the gift throughout the trial except evidence that the third-party defendant had stated that a 1968 survey had showed that the gift was almost four acres instead of the three that she had originally agreed on. There was evidence that the parties and their children had built additions onto the dwelling after the plaintiff had executed a deed to the appellant in 1962 of whatever interest he might have in the property. Consequently, the charge authorizing the full 3.69 acre-tract was not error.

The judgment of the court was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur.*

798

ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971.

*Harrison & Garner, James W. Garner, G. Hughel Harrison,* for appellant.
*Joseph E. Cheeley, Jr.,* for appellees.