## 56386. LEWIS v. THE STATE.

DEEN, Presiding Judge.

David E. Lewis appeals from his conviction of rape and aggravated sodomy, and his sentence of twenty years on each offense to be served concurrently. Five years are to be served in a state penitentiary and the balance on probation.

1. Appellant contends that the trial court erred in

allowing, over objection, impeachment evidence in the form of a prior conviction for the sale of cocaine as to one of his witnesses, because it is not a crime involving moral turpitude. " 'In its legal sense it includes everything done contrary to justice, honesty, or good morals . . .' ' "Moral turpitude" is an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man' . . . It appears from the authorities to be the rule without exception, that the offenses of obtaining money from another by fraud or false pretenses, or larceny after trust, are crimes malum in se, involving moral turpitude. [Cits.]" *Huff v. Anderson,* 212 Ga. 32, 34 (90 SE2d 329) (1955). Therefore, "a crime involving dishonesty. . . is considered to be one involving moral turpitude." United States v. Gloria, 494 F2d 477, 481 (1974). As narcotic offenses are condemned by society because they are considered to involve moral dereliction and are included with those involving dishonesty or false statements under Rule 609 (a) (2) of the Federal Rules of Evidence, United States v. Millings, 407 FSupp. 566 (1976), we hold that sale of narcotics or other illegal drugs is a crime involving moral turpitude as contemplated in *Huff v. Anderson,* supra, and it was not error for the trial court to allow the introduction of her conviction as impeachment evidence.

2. Appellant complains that it was error to expose the jury to the same witness' record of conviction for the sale of amphetamines because it was not introduced into evidence. We disagree with this contention. This conviction was a part of state's exhibit number 5, which included the cocaine conviction. The fact that the district attorney did not refer to it when it was introduced into evidence was merely an oversight, and it was properly admissible for the reason stated in Division 2. Appellant could have examined the exhibit if he wished. Instead, he apparently objected to the admission of the entire exhibit without examining it.

3. Defendant's remaining enumerations are not supported by argument or citation of authority and are deemed abandoned. Court of Appeals Rule 18 (c) (2). Code

Ann. § 24-3618 (c). See *Arnold v. DeKalb County,* 141 Ga. App. 315 (233 SE2d 273) (1977).
*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED NOVEMBER 7, 1978 — ▮▮▮▮▮▮▮▮

*David Kaplan, Zeese & Howell, Baxter C. Howell,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.