## 62345. JAMES v. THE STATE.

</div>

Carley, Judge.
Appellant appeals from his conviction of violation of the Georgia Controlled Substances Act based upon appellant's sale of cocaine to an undercover GBI agent. The undercover agent was the only witness who directly identified appellant as the person selling the cocaine. The agent testified that one Henry Walker was present at the time

appellant sold the controlled substance to the police officer. Walker, sworn as a defense witness, gave testimony which contradicted the testimony of the GBI agent. In order to impeach the testimony of Walker, the state tendered into evidence a certified copy of Walker's earlier conviction for the sale of cocaine and heroin. The evidence was admitted by the court for impeachment purposes over the objection of the appellant who argued that the conviction was inadmissible because, at the time, the case was on appeal. Walker's conviction was subsequently affirmed, *Walker v. State,* 157 Ga. App. 484 (277 SE2d 740) (1981). The sole issue in this appeal is one of first impression in Georgia: Is a prior conviction of a witness for a crime involving moral turpitude admissible for impeachment purposes when, at the time of the proffer thereof, the judgment of conviction is the subject of a pending appeal?

There is no doubt that a witness' testimony may be impeached by introduction of his conviction of a crime involving moral turpitude. *Powell v. State,* 122 Ga. 571 (2) (50 SE 369) (1905). The unlawful sale of controlled substances is a crime involving moral turpitude. *Lewis v. State,* 148 Ga. App. 16 (251 SE2d 18) (1978). Thus, had the trial sub judice occurred after the finality of Walker's conviction had been established by affirmance on appeal, there would be no doubt as to the admissibility of that prior conviction for impeachment purposes. However, it does not appear that the appellate courts of this state have squarely addressed the question of the necessity of finality of a conviction as a condition precedent to admissibility of evidence concerning the conviction for impeachment purposes.

Our research has revealed that the rule extant in a majority of the jurisdictions which have considered the issue supports the state's position that a witness' credibility may be attacked by showing a previous criminal conviction even if an appeal or motion for new trial with respect to that conviction is pending at the time of the proffer for impeachment purposes. 81 AmJur2d 501, Witnesses § 576; Viberg v. State, 138 Ala. 100, 35 S 53 (1903); McGee v. State, 206 Tenn. 230, 332 SW2d 507, 508 (1960); State v. Kiser, 111 Ariz. 316, 529 P2d 215 (1974); People v. Rogers, 112 Cal. App. 615, 297 P 924 (1931). The underlying rationale for the majority rule was stated persuasively by the District Court of Appeals of Florida: "The reasoning is that a conviction extinguishes the presumption of innocence and that the judgment of conviction holds fast as a final determination until such time as it might be reversed by the appellate court." Gonzalez v. State, 97 S 2d 127, 128 (Fla. Dist. Ct. 1957). See also State v. Robbins, 37 Wash. 2d 492, 224 P2d 1076 (1951).

Only in a few states have the courts proscribed the introduction

of a conviction, otherwise admissible for impeachment purposes, on the ground that the conviction was not final. State v. Blevins, 425 SW 2d 155 (Mo. 1968); Ringer v. State, 137 Tex. Cr. R. 242, 129 SW2d 654 (1938); Burford v. Commonwealth, 179 Va. 752 (20 SE2d 509) (1942); Foure v. Commonwealth, 214 Ky. 620, 283 SE 958 (1926); Adkins v. Commonwealth, 309 SW2d 165 (Ky. Ct. App. 1958). This minority rule is reasoned and is founded upon the principle that ". . . a reversal of a conviction completely wipes out that conviction and makes the situation as though it had not been rendered . . ." State v. Blevins, supra, 158. Therefore, the objective sought by the minority rule is to prevent injustice as a result of a later reversal of a conviction admitted for the purpose of impeaching the witness. We find this goal to be a laudatory one.

However, because of the difficulty of determining when a conviction is ever "final", we believe that the necessity to provide the trial courts with a definite and ascertainable admissibility standard compels that we adopt the majority rule in Georgia. Thus, we hold that a witness may be impeached by showing a prior conviction of a crime involving moral turpitude if, at the time the impeaching evidence is proffered, the conviction has not been reversed or otherwise set aside. Therefore, the trial court did not commit error in the instant case by admitting for impeachment purposes a certified copy of Walker's earlier conviction.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 27, 1981 —

*Clayton Jones, Jr.,* for appellant.
*Hobart Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.