72049. GOFORTH v. WIGLEY et al.
(343 SE2d 788)

BIRDSONG, Presiding Judge.
This personal injury case arises out of a collision wherein the ve-

hicle of appellant Goforth struck the rear end of appellees' vehicle which was stopped because of another collision ahead of the cars. The jury returned a verdict for the plaintiffs, Mr. and Mrs. Wigley, a total of $55,000 in damages. Goforth appeals. *Held*:

1. The appellant, defendant below, contends the trial court erred in excluding evidence of a "first-offender" conviction in federal court under the Youth Corrections Act, 18 USC 5010 (a), for motor vehicle theft, for impeachment purposes.

The Georgia courts have held that a guilty plea under the Georgia First Offender Act (OCGA § 42-8-60 et seq.) may be used in a criminal trial to impeach a state's witness, *Favors v. State*, 234 Ga. 80 (3) (214 SE2d 645); *Gilstrap v. State*, 250 Ga. 814 (2) (301 SE2d 277), or a defense witness, *Moon v. State*, 154 Ga. App. 312 (1) (268 SE2d 366).

In *Hightower v. Gen. Motors Corp.*, 255 Ga. 349, 352 (338 SE2d 426), the Supreme Court held that "a guilty plea as to which a plaintiff in a civil case has been granted first offender treatment is admissible in evidence *to disprove and contradict such party's testimony given in the civil case*." (Emphasis supplied.)

We find it unnecessary to go further and determine whether Wigley's set-aside conviction for motor vehicle theft under the federal act was admissible to impeach him generally in this case (see *James v. State*, 160 Ga. App. 185, 187 (286 SE2d 506)), because the appellee has shown his testimony in this case to be cumulative of other evidence, as to both the facts of the collision and the issue of his wife's injuries. The appellant has not provided this court with a showing of any grounds upon which to find she was harmed by her inability to impeach Wigley with evidence of his federal guilty plea. *Summerfield v. DeCinque*, 143 Ga. App. 351, 354 (3) (238 SE2d 712). Accordingly, this enumeration is without merit.

2. The trial court did not err in refusing to allow testimony as to the fact and details of the settlement of a previous claim by Mrs. Wigley against another driver in another auto collision which occurred two years earlier. Appellant Goforth contends the evidence of that $15,000 settlement was pertinent to prove her point that the plaintiff never visited her doctor after she received that settlement until she was allegedly injured in this case, i.e., that she was "cured" of her ailments arising out of the earlier collision by her receipt of compensation for them. Goforth calls this "compensation cure." Goforth contends the evidence would have enabled the jury to determine accurately the extent and origin of Mrs. Wigley's injuries complained of in this case, and whether Mrs. Wigley was exaggerating her symptoms so as to strengthen her claims.

The record shows that Goforth was not restricted in introducing evidence and cross-examining as to the fact of the earlier wreck and

her injury, including correspondence with Wigley's insurer, but only as to "the amount of the settlement or . . . to the fact that there's been a settlement." While evidence of prior claims for injuries arising from another unrelated incident may be admissible to prove the cause and extent of injuries in the instant action (*Barnes v. Cornett*, 134 Ga. App. 120 (213 SE2d 703)), evidence as to the amount of a settlement or compromise in the earlier case is generally irrelevant and prejudicial and therefore inadmissible. *Fred F. French Mgt. Co. v. Long*, 169 Ga. App. 702 (2) (314 SE2d 666). This is not a matter of excluding evidence under the collateral source rule, because this evidence is not evidence of receipt of other compensation for the *same injury*. See *Garrison v. Rich's*, 154 Ga. App. 663, 664 (269 SE2d 513). There is nothing but speculation to show that Mrs. Wigley's receipt of compensation for the 1981 collision cured her injuries, and even if there were, we fail to see what the significance of that fact would be to the issues in this case.

The plaintiff did not deny she had suffered injuries in the earlier incident, and Goforth was permitted the right to explore those injuries thoroughly; the jury was thus well enabled to determine whether this collision with Goforth, or the earlier collision, was the cause of her present injuries. "In all cases where the object sought to be proved can be proved without violation of a rule of evidence designed to prohibit prejudice, it should be done so, and the rule not broken unless by necessity, or where the merit of the evidence clearly outweighs its prejudice." *Fred F. French Mgt. Co.*, p. 704.

3. Appellant Goforth contends the trial court erred in allowing, over objection, the plaintiffs Wigley in final arguments to have one of their attorneys give the opening and the other of their attorneys to give the concluding argument, in violation of OCGA § 9-10-182. "Not more than two counsel for each side shall be permitted to argue any case, except by express leave of the court; *and in no case shall more than one counsel be heard in conclusion.*" (Emphasis supplied.) The appellees Mr. and Mrs. Wigley contend they were entitled by this to have one of their attorneys argue in the *opening* of their final arguments and the other attorney in the *concluding* portion of their final argument; and that in fact only one attorney argued in the *concluding* portion of the final arguments.

The statute at least *arguably* intended to restrict each side, plaintiffs and defendants, to one counsel in arguing "in conclusion" of the case, since it speaks in terms of the right "to argue any case." Despite any rationale that might be offered by the appellant-defendant as to why the plaintiffs, Mr. and Mrs. Wigley, should not have been allowed more than one attorney in arguments at the close of evidence, we are convinced that the legislature perceived the distinction between opening *statements* and closing *arguments* (see *Berry-*

*hill v. State*, 235 Ga. 549, 550 (221 SE2d 185) and see 2 Encyclopedia of Ga. Law, Argument & Conduct of Counsel, § 7, p. 204), and in allowing no more than two attorneys "to argue any case" without express leave and restricting parties to one attorney in "conclusion," it referred solely to the arguments at the close of evidence, which in this state generally include an "opening" and a "conclusion" and an argument in between. See *Pealock v. Pealock*, 227 Ga. 795, 797 (183 SE2d 397). The plaintiff, or the party who bears the burden of proof, has the right to "open" and "close" the arguments; and the defendant has the one in between, which is, it being his only argument, his concluding argument (id.; *Standridge v. Standridge*, 224 Ga. 102 (160 SE2d 377)), but the trial court has wide discretion in assigning these positions, particularly where there are more than two sides and more than two parties. See *Hines v. Donaldson*, 193 Ga. 783, 788-789 (20 SE2d 134).

Of the few cases addressing this code section (e.g., *Berryhill v. State*, supra; *Pealock v. Pealock*, supra, *Hines v. Donaldson*, supra; *Morris v. West*, 183 Ga. 214 (3) (187 SE 861); *White v. Cline*, 174 Ga. App. 448, 449 (330 SE2d 386); *Heard, Leverette & Adams P.C. v. Stone*, 167 Ga. App. 113 (306 SE2d 72); *Taylor v. Powell*, 158 Ga. App. 339 (280 SE2d 386); *Bennett v. Haley*, 132 Ga. App. 512, 518 (208 SE2d 302)), we find only two cases that indicate what is meant by the statutory restriction of one attorney "in conclusion." In *Duke v. Steed*, 127 Ga. App. 541 (194 SE2d 257), the "order of *argument*" (apparently as distinct from opening statements) included plaintiff's counsel no. 1 at beginning and plaintiff's counsel no. 2 at the end. "The court's ruling complies with all the limitations on its discretion in this matter. Plaintiff received opening and concluding arguments; no more than two counsel per side were permitted to argue; and only one was heard in conclusion." The only inference here is that "in conclusion" means the closing, not opening, portion of the plaintiff's final *arguments* (as distinct from opening statements), and clearly the court perceived that two attorneys arguing in the final argument was in compliance with the code section, so long as "only one was heard in conclusion."

In *Peacock v. Stinson*, 72 Ga. App. 48 (3) (32 SE2d 921), we said: "Where the plaintiff is entitled to the opening and concluding argument, the defendant may not, by waiving his argument after one of the plaintiff's counsel has opened, deprive another of the plaintiff's counsel from concluding upon the contention that more than one counsel are being heard in conclusion. Only one is being heard in conclusion, and . . . the situation is the same as if the defendant's counsel had availed themselves of their right to argue."

We can only conclude that under authority of these two cases the statutory proscription that "in no case shall more than one counsel be

heard in conclusion," (OCGA § 9-10-182) refers to the concluding portion of plaintiff's right to open and conclude final arguments (or to whoever bears the burden of proof and thus gets opening and concluding). The trial court did not err in permitting two plaintiff's attorneys to give final argument, since one gave the opening argument and "only one was heard in conclusion." *Duke v. Steed,* supra.

4. The trial court did not err in admitting in evidence the certified record of defendant Goforth's indictment, plea and sentence for fraud in obtaining public assistance in Gordon Superior Court. There is no contention that she did not enter a plea of guilty, or that the record of her plea and sentence was invalid or otherwise incompetent; there was only appellant's objection that the plea record did not contain her signature, of which there is no requirement under OCGA §§ 17-7-93 and 17-7-96.

5. Goforth contends the case should have been dismissed from Whitfield Superior Court, where it was tried, because it was originally transferred from Walker County Superior Court when it was discovered that defendant Goforth was a resident of Whitfield County. This enumeration is without merit. The Ga. Uniform Transfer Rules, adopted pursuant to Art. VI, Sec. IX, Par. I of the 1983 Const. of the State of Ga. provide that a court in one county may transfer a civil case to a court in another county when it discovers that it (the original court) lacks jurisdiction or venue or both. Uniform Transfer Rules, 251 Ga. 893. See *Shannon v. Allen Auto. Transmission,* 172 Ga. App. 88 (322 SE2d 99).

There is no evidence in the record, nor objection raised, that this suit, as transferred to Whitfield County, could not be maintained because plaintiffs had not paid the costs of an earlier suit on the same subject matter in Whitfield, and dismissed. Appellant's obligation to show error by the record is too well settled to merit restatement.

6. Finally, appellant Goforth urges as error the trial court's charge that the jury should not reduce damages for future pain and suffering to present cash value. Goforth argues that while ordinarily damages for future pain and suffering should not be reduced to present cash value because pain and suffering is not normally susceptible to mathematical determination (*Hardin v. Victory Cab Co.,* 114 Ga. App. 39 (150 SE2d 169)), where a plaintiff urges a "unit-time" calculation for measurement of pain and suffering, those elements of damage are thus measurable and should be reduced to cash value. Appellant cites no authority for this proposition. We note that OCGA § 9-10-184 provides that: "In the trial of a civil action for personal injuries, counsel shall be allowed to argue the worth or monetary value of pain and suffering to the jury; provided, however, that any such argument shall conform to the evidence or reasonable deductions from the evidence in the case." The fact that the plaintiff attempts to place a

unit value upon pain and suffering does not require its reduction to present cash value since placing unit value is merely an attempt to evaluate a long period of pain and suffering in terms of its smaller time equivalents, and is not a reducible measurement. See *Baron Tube Co. v. Transport Ins. Co.*, 365 F2d 858 (5th Cir. 1966).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED MARCH 21, 1986 —
REHEARING DENIED APRIL 2, 1986 — 

*Frank M. Gleason, John W. Davis, Jr.*, for appellant.
*Lindsay H. Bennett, Jr., Hubert E. Hamilton III*, for appellees.