**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

November 7, 2012

# In the Court of Appeals of Georgia

A12A1612. BOLAH v. DRISKELL.

McFADDEN, Judge.

Ian Bolah brought an action against Mea Driskell for injuries he sustained in a multi-vehicle collision that he alleged was caused by Driskell's negligence. A jury returned a defense verdict. The trial court entered judgment on the verdict and denied Bolah's motion for new trial. On appeal, Bolah argues that the trial court erred in allowing evidence of a settlement he received in connection with a motorcycle accident that had occurred about a year and a half earlier. We find that the trial court did not abuse its discretion in allowing the evidence, because it was relevant to impeach Bolah's testimony regarding the extent of the injuries he sustained in the prior accident. Accordingly, we affirm.

The record shows that, during the trial, Bolah testified about the extent of the injuries from the prior motorcycle accident in an effort to distinguish them from the injuries sustained in the accident involving Driskell. On direct examination, Bolah stated that he went to the hospital after the prior motorcycle accident "because, you know, I got knocked off the bike. My left wrist, you know, I had abdomen stuff, a little bit of trauma, you know, knee's feeling a little bit hurt." He testified that he was able to go to work the next day and perform his job without difficulty, and that he did not have to return to the doctor for further treatment related to his injuries from the prior accident. Driskell's counsel, however, sought to introduce on cross-examination evidence that Bolah had received a settlement of $20,000 in part to compensate him for physical injuries sustained in the prior motorcycle accident. Driskell argued to the trial court that the purpose of this evidence was to impeach Bolah's credibility, given his testimony minimizing his injuries from the prior accident, and the trial court allowed the evidence over Bolah's objection. "The admission or exclusion of evidence is a matter within the discretion of the trial court, and we review evidentiary decisions on an abuse of discretion standard." (Citation omitted.) *Stovall v. DaimlerChrysler Motors Corp.*, 270 Ga. App. 791 (608 SE2d 245) (2004).

2

"[E]vidence as to the amount of a settlement or compromise in [an] earlier case is generally irrelevant and prejudicial and therefore inadmissible." (Citation omitted.) *Goforth v. Wigley*, 178 Ga. App. 558, 560 (2) (343 SE2d 788) (1986). Here, however, the evidence that Bolah received a monetary settlement for his injuries in the prior motorcycle accident was relevant to the issue of impeachment, because a jury could find that the evidence contradicted Bolah's testimony that his injuries were not serious enough to impair his job performance or require additional medical treatment. See OCGA § 24-9-82 ("A witness may be impeached by disproving the facts testified to by him."). The conflict between the settlement evidence and Bolah's testimony regarding the extent of his injuries from the prior accident distinguishes this case from the decisions cited by Bolah in support of his appeal. Compare *Goforth*, 178 Ga. App. at 560 (2) (trial court did not err in excluding evidence of amount of prior settlement where plaintiff did not deny she had suffered injuries in earlier incident); *Fred F. French Mgmt. Co. v. Long*, 169 Ga. App. 702, 704 (2) (314 SE2d 666) (1983) (trial court did not err in excluding evidence of workers' compensation benefits made to plaintiff for unrelated injury; evidence was not necessary to impeach plaintiff's testimony because she admitted unrelated injury and its effects).

A trial court, in its discretion, may admit evidence relevant to the issue of impeachment even if the evidence would not qualify for admission on other grounds. See *Pouncey v. Adams*, 206 Ga. App. 126, 126-127 (1) (424 SE2d 376) (1992). Under these circumstances, we find no abuse of discretion in the trial court's decision to allow the evidence for impeachment purposes. See id.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*