Filed 10/1/14  P. v. Washington CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLAYBORN WASHINGTON,<br><br>Defendant and Appellant. | B241433<br><br>(Los Angeles County<br>Super. Ct. No. ZM006782) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Norm Shapiro, Judge.  Affirmed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Yun K. Lee and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Clayborn Washington (appellant) appeals from a judgment committing him to the Department of Mental Health (DMH) as a sexually violent predator (SVP) for a term of two years. He contends that the judgment must be reversed on the ground that the 2013 amendments to the Sexually Violent Predators Act (SVPA) amount to ex post facto punishment, will place him in double jeopardy, and will result in a violation of his rights to equal protection and due process.[1] He also contends that changes in the SVPA enacted by initiative in 2006 violate his right to equal protection. We find that appellant's contentions are not ripe for review or are precluded by stare decisis, and we thus affirm the judgment.

## BACKGROUND

Between 1971 and 1986, appellant suffered five convictions and one juvenile adjudication of sexually violent offenses. In 2003, the Los Angeles County District Attorney filed a petition to commit appellant under former provisions of the SVPA, Welfare and Institutions Code section 6600 et seq.[2] At that time, former section 6604 provided for a commitment period of two years. (See Stats. 2000, ch. 420, § 3.)

After the petition was filed and before trial, by legislative enactment and the passage of Proposition 83 ("Jessica's Law"), section 6604 was amended to provide for an indeterminate term of commitment. (See Stats. 2006, ch. 337, § 55; Prop. 83, § 27, approved Nov. 7, 2006.) There was general uncertainty about the retroactivity of the indeterminate commitment; thus, on October 11, 2006, after the 2006 legislative amendment and before the election in which Proposition 83 was passed, the Los Angeles County District Attorney, public defender, and superior court entered into stipulations with appellant and others similarly situated, agreeing that the pending commitment

---

[1] Under prior law and current statute, "'Sexually violent predator' means a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (Welf. & Inst. Code, § 6600, subd. (a)(1).)

[2] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

petition would be treated as seeking a two-year commitment rather than an indeterminate one.[3] The agreement applied to pending initial petitions in cases where the commitment order was issued within 24 months after the effective date of Jessica's Law, if passed. After that 24-month period, the district attorney would be entitled to file a new petition and seek an indeterminate commitment.

Appellant's jury trial was continued numerous times, and did not go forward until May 2012. The jury in appellant's case found the petition true. The trial court then declared appellant to be a SVP. On May 18, 2012, since the district attorney had not filed a new petition under Jessica's law, the court committed appellant to the DMH for a term of two years. Appellant filed a timely notice of appeal from the judgment.

Appellant does not claim that the evidence was insufficient to support the judgment of commitment or that any reversible error occurred in his trial.[4] We thus need not summarize the trial evidence.

## DISCUSSION

### I.  Challenge to 2013 amendment

Former section 6608, subdivision (a), provided that a person committed as a SVP could petition for an unconditional discharge from the DMH, whereas the 2013 amendment, which became effective January 1, 2014, provides that the committed person may petition for placement into a state operated forensic conditional release program, and may not petition for an unconditional discharge for at least one year after release into the program.  (See § 6608, esp. subds. (a), (b), (d), (k); Stats. 2013, ch. 182, § 3.)

Essentially appellant contends that the amendment results in the denial of due process for a committed person who can meet his burden to prove that he is no longer a SVP, because he would still be required to wait more than one year (plus delays) to obtain his freedom.  Appellant summarizes his reasoning by concluding:  "The new

---

[3]     See generally, *People v. Castillo* (2010) 49 Cal.4th 145, 150-152.

[4]     Appellate counsel originally filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues on appeal.  Later, he obtained leave to change the nature of the review and filed a new brief raising the issues discussed here.

3

version of the California SVP Law *theoretically* permits the State to hold someone for several years . . . ." (Italics added.)

Respondent asserts that appellant's contention is not ripe for review, as his appeal is taken from an initial commitment, not a postcommitment petition for discharge or release. We agree. Any decision by this court would provide no more than a suggested course of action for such time as appellant proceeding under section 6608, has met his burden to prove that he is not longer a SVP.

"The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions. [Citation.] It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion. It is in part designed to regulate the workload of courts by preventing judicial consideration of lawsuits that seek only to obtain general guidance, rather than to resolve specific legal disputes." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170 (*Pacific Legal*).) To be ripe, there "'must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'. . .'The "actual controversy". . . is one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, not suggest, what the parties may or may not do.' [Citation.]" (*Id*. at p. 171.)

Appellant counters that because the statute now precludes him from filing a petition for unconditional discharge, any attempt to do so would result in dismissal of his petition. Furthermore, review of the dismissal by appeal or writ would take an unfair amount of time and appointment of counsel would not be certain. Appellant's belief that it is unfair to require him to wait until he has been injuriously affected by the law does not make the issue ripe, and it remains that he is not "directly affected by its operation. [Citation.] The detriment must run as to him and not depend upon a hypothetical question under which [he] claims that the statute would be invalid. [Citations.]" (*People*

4

*v. Williams* (1966) 247 Cal.App.2d 169, 170.)  As appellant's claim that he would be "theoretically" injured if he could someday prove that he is no longer a SVP presents only a hypothetical state of facts, it is not ripe for review.

Appellant also contends that his challenge is ripe for review because in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*), the California Supreme Court rejected a due process challenge to the 2006 change from a two-year commitment to an indeterminate commitment, and its discussion suggests that its reasoning would not apply to this challenge.  There was no issue of ripeness in *McKee I*.  The appellant had been committed for an indeterminate term and was challenging that judgment of commitment, not some future potential judgment based upon hypothetical facts.  (*Id*. at pp. 1184-1185.)  "[C]ases, of course, are not authority for propositions not there considered.  [Citations.]" (*People v. Ceballos* (1974) 12 Cal.3d 470, 481.)  We thus reject appellant's assertion that *McKee I* justifies reaching the unripe issue here, and we decline to do so.

## II.  Challenge to 2006 change to indeterminate commitment

Appellant challenges the elimination of a two-year commitment in favor of an indeterminate one by the 2006 amendment enacted under Proposition 83.  He contends that an indeterminate commitment violates his right to equal protection.  Appellant argues that on remand after *McKee I*, the Court of Appeal in *People v. McKee* (2012) 207 Cal.App.4th 1325, 1347-1348 (*McKee II*), wrongly concluded the People had met their burden to justify the disparate treatment of sexually SVP's, and that the court sanctioned the wrong standard of review.  (*Id*. at p. 1348.)

Appellant's equal protection challenge is also not ripe for review, as in contrast to the appellant in *McKee I* and *McKee II*, his commitment was not indeterminate, but for two years.  Appellant has not yet been directly affected by the operation of Proposition 83, and unless and until he is committed to an indeterminate term, there is no "'"'actual controversy". . . which admits of definitive and conclusive relief by judgment [that will] decree, not suggest, what the parties may or may not do.' [Citation.]" (*Pacific Legal, supra*, 33 Cal.3d at pp. 170-171.)  We thus decline to reach this issue as well.

5

### III.  Challenge to current law

Appellant's final contention is that the current version of the SVPA violates the principles of ex post facto and double jeopardy under the California and federal constitutions and thus deprives him of due process.  Appellant acknowledges that the same constitutional challenges to Proposition 83 were rejected by the California Supreme Court in *McKee I*, *supra*, 47 Cal.4th at pages 1193-1195, when it held that ex post facto and double jeopardy apply only to punishment, and a SVP commitment is not punitive.  Appellant also acknowledges that *McKee I* would be binding here, but he asserts his wish to preserve the issues for federal review.  As appellant was not committed under the current version of the SVPA, these claims also appear to be premature, and thus it is doubtful that they can be preserved at all in this appeal.  Nevertheless, both parties ask that we reach the issue.  Though we are not required to dismiss a premature appeal (see *Pacific Legal, supra*, 33 Cal.3d at p. 170), we are bound to follow Supreme Court precedent.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Thus, we reject appellant's double jeopardy and ex post facto challenges to the current SVPA.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
        CHAVEZ

We concur:

_____, Acting P. J.
ASHMANN-GERST

_____, J.*
FERNS

_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6