69557, 69558. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. LaROCHE; and vice versa.
(325 SE2d 908)

BANKE, Chief Judge.
As the plaintiff was using a pay telephone owned by defendant Southern Bell Telephone and Telegraph Company and located on the premises of a grocery store owned by defendant Grand Union Company, d/b/a Big Star Foods, the unit fell from the wall and struck his foot, fracturing one of his toes. He sued to recover damages sustained as a result of this injury, including lost earnings in the amount of $12,800 allegedly resulting from a 2-month period of disability. A jury awarded him damages in the amount of $10,000 against Southern Bell but assessed no liability against Grand Union. On appeal, Southern Bell contends that the trial court erred in charging the jury that recovery might be allowed under the theory of *res ipsa loquitur* and that lost earnings could be considered in awarding damages. In a cross-appeal, the plaintiff contends that the court erred in allowing the two defendants to present separate closing arguments and in charging the jury on the doctrine of comparative negligence.

The phone, which was located inside the store, was attached to a particle board wall by three wood screws. It had been installed in this manner by Southern Bell approximately a year earlier; and, according to the co-manager of the store, it had not been the subject of any problems or complaints prior to the occurrence which gave rise to this litigation. The phone fell on the plaintiff on December 4, 1980, as he was using it to make a call.

In support of his claim for lost earnings, the plaintiff testified that he was self-employed as an electric sign repairman and that because of his injury he had been able to perform only a couple of small jobs between the date of the accident and February 2, 1981. He further testified that during December, which he described as part of his peak season, he could expect to work between 40 and 50 hours a week

at a rate of $40 per hour. He gave no such figures for January, which he characterized as one of his "lowest" work periods. From the plaintiff's income tax returns, it was established that he had net business earnings in 1979 of $17,945, net earnings in 1980 of $18,166, and net earnings in 1981 of $13,882. Asked whether he could document any specific jobs he had lost as a result of his injury, the plaintiff replied, "No, I couldn't prove what I've lost, no." *Held*:

1. The jury was authorized to conclude from the evidence that Southern Bell had installed the telephone in a negligent manner, it being common knowledge that a heavy object such as a pay telephone cannot be securely fastened to a particle board wall by ordinary wood screws. For this very reason, however, the trial court should not have charged the jury on the theory of *res ipsa loquitur*. The doctrine of *res ipsa loquitur* does not apply where, as here, the cause of the accident is fully explained but is a doctrine of necessity to be applied, where otherwise appropriate, in cases where there is no evidence of consequence showing negligence on the part of the defendant. See *Harrison v. Southeastern Fair Assn.*, 104 Ga. App. 596 (3), 605-608 (122 SE2d 330) (1961); *Parker v. Dailey*, 226 Ga. 643, 645 (177 SE2d 44) (1970).

2. "Where damages are sought for the interruption of an established business or profession, it is proper to calculate the lost income or profits by showing the amount of time lost and the average value of such loss based on operations for a reasonable period [of time] immediately prior thereto. (Cit.)" *Kroger Co. v. Perpall*, 105 Ga. App. 682, 686 (125 SE2d 511) (1982). "[L]ost wages and earnings are not recoverable where the evidence does not show the amount of the loss with reasonable certainty. (Cits.)" *Rosser v. Atlanta Coca-Cola Bottling Co.*, 162 Ga. App. 503, 504 (291 SE2d 109) (1982), rev'd on other grounds 250 Ga. 52 (295 SE2d 827) (1982).

In the present case, the plaintiff made no attempt whatsoever to establish his average earnings for the months immediately prior to his injury, and he was unable to specify any particular job which he had lost during the period in question. Under these circumstances, there was clearly insufficient evidence to enable the jury to calculate lost earnings with reasonable certainty. It follows that the trial court erred in charging the jury on this issue.

3. The plaintiff bases his contention that both defendants should not have been allowed to make closing arguments on OCGA § 9-10-182, which provides as follows: "Not more than two counsel for each side shall be permitted to argue any case, except by express leave of the court; and *in no case shall more than one counsel be heard in conclusion*." (Emphasis supplied.) The latter phrase clearly does not purport to limit argument to one counsel *per side*, as argued by the plaintiff, but to one counsel *per party*. This enumeration of error is

without merit.

4. We agree, however, with the plaintiff's contention that the evidence did not warrant a charge on comparative negligence. Southern Bell contends that evidence supporting the charge was provided by the store's co-manager, who testified that the plaintiff had his arm draped over the phone while making his call. We do not believe that this activity can reasonably be interpreted as evidencing a lack of ordinary care by the plaintiff for his own safety. Indeed, what the witness actually said was that the plaintiff had his arm on the phone "like most people normally do when they talk."

5. Although the court erred in charging the jury on comparative negligence, the error was harmless with regard to the claim against Grand Union Company. It is undisputed that Southern Bell alone was responsible for installing and maintaining the telephone and that, until the plaintiff was injured, nothing had occurred to place Grand Union's employees on notice that the manner of installation was inadequate. Accordingly, there is no evidence to support a verdict against Grand Union, and the judgment in its favor is unaffected by our decision in this appeal.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED JANUARY 16, 1985.

*C. Richard Langley*, for appellant (case no. 69557).
*Glenn Whitley*, for appellee.
*Glenn Whitley*, for appellant (case no. 69558).
*C. Richard Langley, William L. Swan*, for appellee.