69723. WHITE v. CLINE et al.
(330 SE2d 386)

DEEN, Presiding Judge.

Appellee Melanie Cline was a guest passenger in the Oldsmobile Cutlass driven by Carla Middleton, defendant/appellee in the cross-claim filed by appellant White, who was named as defendant in the action originally filed by appellee Cline. Ms. Middleton was attempting to exit from a restaurant parking lot and pull into the center turn lane preparatory to turning left, or north, on the highway on which the restaurant faced. Her Cutlass was struck on the left rear fender by a Cadillac proceeding southward in the inside or "fast" southbound lane. The blow propelled the Cutlass into the northbound inside or "fast" lane, where it stalled and remained stationary, facing northward. Before the engine could be restarted, appellant White, accelerating from a traffic light two blocks to the south, struck the rear of the Cutlass straight on and knocked the latter forward to a position athwart the two northbound lanes. Ms. Cline sustained a dislocated hip; Ms. Middleton and a third occupant of the Cutlass suffered minor injuries, as did appellant White. The Oldsmobile was "totaled," and the White truck, which its owner estimated as having had a value of $2,500-$3,000 immediately prior to the collision, was sold for salvage value.

The accident occurred September 1, 1982, and the following January Ms. Cline brought an action against appellant and Mrs. Gentry, driver of the Cadillac, as joint and several tortfeasors. She sought $150,000 in damages for pain and suffering and $50,000 for diminished earning capacity. White answered, denying liability, and filed a cross-claim against Middleton, alleging that her negligence was the sole and proximate cause of the injuries and seeking $3,000 in property damage. He also moved to add Middleton as a party defendant, which motion was granted. In her answer Ms. Middleton denied liability and alleged that Ms. Cline's injuries resulted from the negli-

gence of White and Gentry. Ms. Cline subsequently asserted a claim against Ms. Middleton. Upon learning that an eyewitness had seen aluminum cans, including beer cans, in the back of White's pickup truck, Ms. Cline moved to amend the pretrial order so as to add a negligence count to the effect that White was operating a vehicle while under the influence of alcohol. This motion was subsequently abandoned, and counsel agreed that this count would not be pursued at trial.

A Walker County jury entered verdicts in favor of Ms. Cline, Ms. Middleton, and Mrs. Gentry and against Mr. White. White's counsel moved for judgment notwithstanding the verdict, and the court denied the motion. On appeal White enumerates six errors.

1. Appellant's enumeration regarding the court's permitting only one of his two attorneys (one retained by his insurer and the other his private attorney) to participate in the closing argument is patently without merit. OCGA § 9-10-182 expressly prohibits the procedure advocated by appellant: "Not more than two counsel for each side shall be permitted to argue any case, except by express leave of the court; and *in no case* shall *more than one counsel* be heard *in conclusion.*" (Emphasis supplied.) *Heard, Leverette & Adams v. Stone,* 167 Ga. App. 113 (306 SE2d 72) (1983), on which appellant principally relies, is distinguishable on its facts from the case at bar and does not stand for the proposition for which it is cited. In that case two attorneys from the firm representing a single plaintiff were present at the trial. A junior member of the firm conducted the early phases of the trial, and a senior member had planned to present the closing argument. The court refused to permit the senior attorney to do this but required the junior attorney to present the closing argument. This court reversed. In *Heard,* had the senior attorney been allowed to present the closing argument, his participation would in any case have come within the permissible "[n]ot more than two . . . for each side." Moreover, it was only one of the two attorneys in *Heard* — not both of them, as in the instant case — who wished to participate in the closing argument.

2, 3. Examination of the trial transcript reveals that, under the facts of the case *sub judice,* the trial court was correct both in giving a jury instruction to the effect that following too closely constituted negligence *per se* (OCGA § 40-6-49), and in refusing to instruct the jury on legal accident. Whether or not appellant was following too closely when he struck the Middleton vehicle was clearly a jury question. *Lynch v. Broom,* 158 Ga. App. 52 (279 SE2d 302) (1981); *Malcom v. Malcolm,* 112 Ga. App. 151 (144 SE2d 188) (1965). It is well settled that violation of a statute, including those regulating traffic, is negligence *per se.* See *Wallace v. Yarbrough,* 155 Ga. App. 184 (270 SE2d 357) (1980); *Platt v. Southern Photo Material Co.,* 4 Ga. App.

159 (60 SE 1068) (1908). As to the propriety of a jury instruction on legal accident, this court's decision in *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835) (1983), sets forth a definition of legal accident which clearly excludes fact situations such as that in the instant case. An instruction on legal accident would have been improper under the facts of the case at bar, and these two enumerations are without merit.

4. Appellant assigns as error the trial court's denial of his motion for mistrial on the basis that the issue of intoxication had improperly been presented to the jury. Portions of the deposition of a witness who was the first person to reach White's truck and also the first, or one of the first, to reach the Middleton automobile, were read to the jury. During the taking of the deposition prior to trial, the deponent had testified that there were beer cans and cola cans in the back of the truck, and that he had smelled alcohol in and around the truck. Also prior to trial, the attorneys had agreed that this matter would not be pursued, and a proposed amendment to the pretrial order alleging that White was driving under the influence was abandoned. After unrelated excerpts from the deposition were read at trial, the following question posed to the deponent was read: "Q. Now, when you went to the pickup truck after the collision, did you find any evidence that there had been any drinking going on in either vehicle?" One of appellant's attorneys immediately interposed, "Now, may it please the Court, I'd like to have a conference with the Court in view of the pre-trial order. I'd like to have counsel up here with the Court." A brief bench conference was held, after which the Court announced an overnight recess. When the jury had departed, a further conference was held at which it was agreed that the remainder of this section of the deposition would be omitted. When trial resumed the next morning, the court made no comment on the deposition but merely instructed counsel to resume the reading of the deposition; the latter did so at the point agreed upon during the previous afternoon's conference, and no allusion to alcohol consumption was made by anyone during the remainder of the trial. The trial transcript reveals that the motion for mistrial was not renewed.

Scrutiny of the record persuades us that the testimony cited, supra, could not likely have been prejudicial to appellant. No testimony regarding the presence of drink cans or the presence of an odor of alcohol was actually given in the jury's presence, and the circumspect manner in which appellant's counsel requested a bench conference gave no hint that any such testimony was in the offing. Nothing in the court's announcement of the overnight recess suggested that the reason for the recess was anything other than the lateness of the hour or the pendency of other court business. Under these circumstances, the bare allusion to evidence of "drinking" might have ap-

plied equally to any of the other parties as well as to appellant White; or it might even have been a preliminary to a negative reply from the witness. Moreover, the fortuitous circumstances under which the jury was adjourned and the trial resumed the next morning would only have enhanced the non-prejudicial effect of the testimony on which the motion for mistrial was based. It is true that the trial court gave no curative instructions such as are ordinarily required in such a situation. In the particular circumstances of the instant case, however, none was needed. Indeed, to have given a "curative" instruction would likely have tended only to create exactly the prejudicial effect that appellant alleges — unconvincingly, we believe — was created here. We must therefore disagree with appellant's assessment of the effect of the challenged testimony and hold that, because the testimony, under the circumstances, could not likely have been prejudicial to the defendant, the trial court acted properly in overruling the motion for mistrial.

5. As to appellant's fifth enumeration, in which he claims the court erred in failing to grant him additional peremptory challenges, it is well settled that in civil cases, absent unusual procedural situations none of which obtains here, each side is entitled to only twelve peremptory strikes. OCGA § 15-12-122; *New York Life Ins. Co. v. Hartford Accident &c. Co.*, 181 Ga. 55 (181 SE 755) (1935); *Pool v. Gramling, Spalding & Co.*, 88 Ga. 653 (16 SE 52) (1891); *Collins v. Cooper*, 145 Ga. App. 559 (244 SE2d 95) (1978); see also *Ellis v. Geer*, 36 Ga. App. 519 (137 SE 290) (1927). *State Hwy. Dept. v. Eagle Constr. Co.*, 125 Ga. App. 678 (188 SE2d 810) (1972), which is cited by appellant, is distinguishable on its facts from the case at bar.

6. Appellant is correct in his contention that the trial court erred in its computation of interest on the judgment. Under OCGA § 51-12-14, prejudgment interest on the amount of $20,000 should not have begun to run until thirty days after receipt of the demand for the $20,000. Post-judgment interest should not have begun to run until the date of filing of the judgment. This case should therefore be remanded for reformation of the judgment with respect to the dates on which interest should properly have begun to accrue.

*Judgment affirmed in part and reversed in part and case remanded with direction. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1985.

R. Stephen Tingle, Frank M. Gleason, John W. Davis, Jr., for appellant.

Jon Bolling Wood, Robert J. Harriss, L. Hugh Kemp, Leslie

*Waycaster,* for appellees.