## A90A0068. BRIDGES v. SCHIER.

(394 SE2d 408)

BANKE, Presiding Judge.

This is an appeal by the plaintiff from a judgment entered on a jury verdict for the defendant in a personal injury action arising from an automobile collision.

As the defendant was making a left turn into a parking lot, her vehicle was struck by a vehicle being operated by Tavakolian, who is not a party to this litigation, thus causing it to collide with the rear of the plaintiff's vehicle, which was parked in the lot. The defendant testified that she saw Tavakolian's vehicle approaching her but believed she had "plenty of room, plenty of time" to complete her left turn. She described what happened as follows: "I had gotten all the way in [the parking lot] except the right back fender. . . . [T]hen I saw the man coming and he got faster and faster just as I got in, almost in, he hit me right on the back. He pushed my car into a car

that was parked headed out, which was [the plaintiff's] car." The investigating officer testified that Tavakolian's vehicle had left skid marks approximately 20 feet long. He also testified that the defendant did not tell him that the approaching vehicle had increased its speed just before the impact. *Held*:

1. In the first of 21 separate enumerations of error, the plaintiff asserts that the verdict was contrary to the evidence. " 'It is not the responsibility of this court to weigh the evidence in regard to the action brought. Our task is merely to determine if there is sufficient evidence to authorize the trial court's judgment. If there is any evidence to support the jury's verdict and the trial court's judgment, then all conflicts in the evidence will be resolved to favor the verdict.' " *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211, 213 (319 SE2d 38) (1984). There was at least some evidence in the present case to authorize the jury to conclude that the collision was caused by the negligence on the part of Tavakolian rather than by negligence on the part of the defendant. Accordingly, the verdict was not contrary to the evidence. *Nolen v. Murray Indus.*, 165 Ga. App. 785 (1) (302 SE2d 689) (1983).

2. The plaintiff contends that the issue of insurance was improperly injected into evidence. The plaintiff's physician stated that he had not been able to determine the cause of the plaintiff's back and leg problems because the plaintiff had not undergone a CAT scan. The plaintiff explained that he had been unable to have the procedure performed because he did not have the funds to pay for it. The trial court then allowed the defendant to cross-examine the plaintiff concerning the availability of no-fault benefits which would have paid for the procedure.

As the accident occurred prior to the effective date of OCGA § 51-12-1 (b) (Ga. L. 1987, p. 915, § 3), evidence of collateral insurance benefits was generally inadmissible. See *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988). However, even prior to the abolition of the collateral source rule, it was permissible to cross-examine a plaintiff on the availability of insurance benefits "to test his averment that he did not return to see a certain physician (as the physician recommended) because he was unable to pay for the physician's services." *Johnson v. Bryant*, 178 Ga. App. 327 (3) (343 SE2d 397) (1986). Accordingly, the trial court did not err in permitting the cross-examination at issue in the present case.

3. The plaintiff enumerates as error the exclusion from evidence of certain portions of his physician's deposition dealing with the extent of his injuries and their effect upon his ability to work, the admission into evidence of certain testimony by the defendant's medical expert on the same subject, the court's charge on the duty of a claimant to mitigate damages, and the court's direction of a verdict against

him on his claim for lost wages. However, because the jury returned a verdict for the defendant on the issue of liability, the issue of damages was never reached. Consequently, each of these rulings by the trial court must be considered harmless. See *Nolen v. Murray Indus.*, supra, 165 at 787 (2).

4. The plaintiff complains that counsel for the defendant was erroneously allowed to make reference during his closing argument to the unavailability of his (the plaintiff's) x-rays. Again, because the issue under discussion was the amount of the plaintiff's damages, any error in this regard was harmless.

5. The plaintiff complains that the trial court made an improper comment on the evidence when it responded in the negative to an inquiry by the jury as to whether a person making a left-hand turn is automatically at fault. The trial judge expressed no opinion as to what had or had not been proved, and his response was an accurate statement of the law. Accordingly, this enumeration of error is without merit.

6. The plaintiff contends that the trial court erred in failing to charge the jury that the defendant had the burden of proof with respect to his assertion that the conduct of a non-party had been the sole proximate cause of the accident. This principle was adequately covered by the court's charge that "the party raising an issue to be proven whether that be the plaintiff or the defendant, bears the burden of proof on that issue."

7. The plaintiff contends that the trial court erred in permitting two members of the law firm representing the defendant to participate in the closing argument. The plaintiff's attorney waived the right to open the closing arguments, whereupon the two defense counsel argued and the plaintiff's attorney gave the concluding argument. OCGA § 9-10-182 provides: "Not more than two counsel for each side shall be permitted to argue any case, except by express leave of the court; and in no case shall more than one counsel be heard in conclusion." The latter phrase has been interpreted to limit participation in the closing argument to one counsel per party. See *White v. Cline*, 174 Ga. App. 448 (1) (330 SE2d 386) (1985), *Southern Bell Tel. & Tel. Co. v. LaRoche*, 173 Ga. App. 298 (3) (325 SE2d 908) (1985). However, "[i]t is an old and sound rule that error to be reversible must be harmful. [Cits.] Thus when a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law but it administers practical law, and corrects only such errors as have practically wronged the complaining party." *Best Concrete Prods. Co. v. Medusa Corp.*, 157 Ga. App. 97, 101 (276 SE2d 147) (1981). The plaintiff has not suggested how he was harmed by the fact that two attorneys made closing arguments for the defendant, and since plaintiff's counsel had the concluding ar-

gument, we are unable to perceive how this could have been harmful to him. We accordingly hold that this enumeration of error establishes no ground for reversal.

8. We have considered the plaintiff's remaining enumerations of error and have found them to be without merit.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 11, 1990.

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. Mc-Cune,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Cynthia J. Becker,* for appellee.