A91A1096, A91A1097. CITY OF MONROE et al. v. JORDAN; and vice versa.
(411 SE2d 511)

ANDREWS, Judge.

Jordan sued the City of Monroe and Latimore for injuries she sustained when the automobile she was driving collided with a City owned trash truck driven by Latimore as an employee of the City. A jury returned a verdict in favor of Jordan. Both defendants appeal and Jordan cross-appeals.

*Case No. A91A1096*

1. Jordan's motion to dismiss the defendants' appeal is denied. The defendants failed to file a notice of appeal within 30 days after their motion for a new trial was denied. The defendants moved the trial court pursuant to OCGA § 9-11-60 to set aside the order denying the new trial and re-enter it, showing by affidavits that counsel for the defendants had not received a copy of the earlier order until more than 30 days had expired after it was entered. The trial court heard argument on the motion, set aside the order, and re-entered it. The

defendants thereafter filed a notice of appeal within 30 days of the re-entered order. Jordan's motion to dismiss asserts that the trial court lacked authority to re-enter the order because the term of court at which the original order was entered had expired.

The record shows that counsel for the defendants did not receive timely notice of entry of the order denying the motion for a new trial. Pursuant to this showing, the trial judge acted within his authority to grant the motion brought under OCGA § 9-11-60 to set aside the order and re-enter it based upon lack of timely notice. *Cambron v. Canal Ins. Co.*, 246 Ga. 147-149 (269 SE2d 426) (1980). See *Beach's Constr. Co. v. Moss*, 168 Ga. App. 462 (309 SE2d 382) (1983) (failure of counsel or a party acting pro se to receive notice of trial recognized as defect authorizing the trial court to set aside judgment pursuant to OCGA § 9-11-60). The trial court acted properly at a subsequent term of court because this was not a modification or revision affecting the substance or merits of a decree which must be accomplished during the term in which the decree was entered. See *Robinson v. Kemp Motor Sales*, 185 Ga. App. 492, 493 (364 SE2d 623) (1988).

2. In enumerations of error one, two, and three, defendants claim the trial court erred by denying their motion in limine, and admitting evidence that defendant Latimore had been previously involved in two automobile accidents while working as an employee for defendant City of Monroe, and that in one of the accidents he had been charged with driving under the influence of alcohol. Jordan claims the two previous incidents and the DUI charge are relevant to the issue of punitive damages in that they show the City had notice that Latimore was an unsafe driver, consciously disregarded this notice, and allowed him to continue driving on the job.

Defendants contended in the motion in limine and before the court in pre-trial argument on the motion, that the two prior incidents were not sufficiently similar to the present incident which did not involve driving under the influence. In this instance, Latimore stopped his truck in his lane of traffic, got out to pick up trash, and Jordan, who was traveling in the same lane, crashed into the back of the truck. Evidence showed that at the point in the road where the truck was stopped, and at the time of day the accident occurred, blinding sunlight obscured the vision of drivers proceeding in the truck's lane of traffic. Latimore testified the City was aware that within the previous year he had been the driver in two on-the-job automobile accidents, in one of which he was charged with DUI.

"Once liability for the [present automobile accident] has been found to exist, evidence of similar acts or occurrences, or a bad driving record indicating wilfulness or reckless disregard of consequences, may become relevant to punitive damages. . . ." *Whidby v. Columbine Carrier*, 182 Ga. App. 638, 639 (356 SE2d 709) (1987) overruled

on other grounds, 194 Ga. App. 72 (389 SE2d 560) (1989); *Thompson v. Moore*, 174 Ga. App. 331, 332-333 (329 SE2d 914) (1985). Evidence of the two previous on-the-job automobile accidents in which Latimore was involved was relevant to the jury's determination of whether Jordan was entitled to an award of punitive damages against the City. The trial court instructed the jury that the evidence could not be considered on the issue of negligence, but only on the issue of punitive damages.

Defendants also argue for the first time on appeal that because the evidence showed only a DUI charge against Latimore and not a plea of guilty, the trial court should have excluded any evidence of the DUI. Though not supported by the record, defendants state in their brief that Latimore in fact entered a plea of nolo contendere to the DUI charge at issue. There is no merit in this assertion. Asserted error must be demonstrated in the record. *State v. O'Quinn*, 192 Ga. App. 359, 360 (384 SE2d 888) (1989). Although a guilty plea to DUI, if relevant, may be admitted as an admission, and a plea of nolo contendere is not admissible (*Beal v. Braunecker*, 185 Ga. App. 429, 431-432 (364 SE2d 308) (1987); *Reese v. Lyons*, 193 Ga. App. 548 (388 SE2d 369) (1989); OCGA § 17-7-95 (c)), where the issue was not adequately raised by objection at trial, it will not be considered on appeal. *Department of Transp. v. Hillside Motors*, 192 Ga. App. 637, 638 (385 SE2d 746) (1989).

Moreover, the form of the verdict indicates that, although a verdict was rendered in favor of the plaintiff and damages awarded, the jury specifically found no punitive damages against either defendant. Since the trial court properly instructed the jury to consider the contested evidence only on the issue of punitive damages, the defendants have failed to show they were harmed. *Rogers v. Eckerd Drugs of Ga.*, 149 Ga. App. 788, 789 (256 SE2d 130) (1979).

3. In the fourth enumeration of error, defendants argue that by refusing to bifurcate the punitive damages claim from the main trial, the trial court erroneously allowed the jury to consider evidence relevant to punitive damages (defendant Latimore's previous accidents) which was prejudicial to the defendants on the issue of liability. The cause of action in this case arose after July 1, 1987 so OCGA § 51-12-5.1 governs the procedure by which punitive damages are considered. "Prior to the enactment of [OCGA] § 51-12-5.1, a trial judge had discretion under OCGA § 9-11-42 (b) to try the issue of punitive damages in a tort case separately from the remainder of the case, in a bifurcated procedure, or in a separate trial. [Cits.] Thus, in regard to the adjudication of issues concerning the recoverability and amount of punitive damages in a tort case, OCGA § 51-12-5.1 made a bifurcated trial mandatory, whereas it had previously been discretionary with the trial court." *McClure v. Gower*, 259 Ga. 678, 684 (385 SE2d

271) (1989).

OCGA § 51-12-5.1 (d) (1) and (2) provides that: "(1) An award of punitive damages must be specifically prayed for in a complaint. In any case in which punitive damages are claimed, the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made. This finding shall be made specially through an appropriate form of verdict, along with the other required findings. (2) If it is found that punitive damages are to be awarded, the trial shall immediately be recommenced in order to receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case. It shall then be the duty of the trier of fact to set the amount to be awarded. . . ."

Under this Code section, before the mandatory bifurcated procedure is implemented to determine the amount of punitive damages, the jury must first consider from the evidence produced at trial whether there is "clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences," (OCGA § 51-12-5.1 (b)) in order to determine if an award of punitive damages is authorized.

Here, the jury considered the evidence relevant to punitive damages produced in the main trial, and determined on the verdict form that no punitive damages would be awarded. Since the evidence heard by the jury relevant to punitive damages was properly considered under OCGA § 51-12-5.1, this enumeration of error is without merit.

4. In their fifth enumeration of error defendants contend that the trial court erred by denying their motion brought pursuant to OCGA § 9-11-16 seeking exclusion of Jordan's expert witnesses because they were not timely identified, or, in the alternative, seeking a continuance of the case to allow defendants additional time to prepare. Two expert witnesses used by Jordan were identified ten days before trial, and defendants deposed these experts on the third and fourth day before trial. More than a year prior to trial, Jordan responded to defendants' interrogatories stating that no expert witnesses had been obtained at that time, and no supplemental responses were thereafter provided.

This is not a case requiring a continuance because of the surprise appearance at trial of an unlisted witness. Compare *Nathan v. Duncan*, 113 Ga. App. 630, 638-641 (149 SE2d 383) (1966). Nor does the record establish that exclusion of the witnesses would be proper because their names were deliberately withheld to prejudice the defendants. Compare *Jones v. Atkins*, 120 Ga. App. 487, 490-491 (171 SE2d 367) (1969). Although defendants' motion was brought pursuant to OCGA § 9-11-16, which deals with the court's discretion in crafting

a pre-trial order to control the case, there is no evidence in the record of a pre-trial order, or a pre-trial conference, or a motion requesting such a conference. Under the circumstances, we find no clear abuse of discretion by the trial court in refusing to exclude the testimony of the expert witnesses and in refusing to grant a continuance. *Ambassador College v. Goetzke*, 244 Ga. 322, 323 (260 SE2d 27) (1979); *Payton v. Green*, 179 Ga. App. 438, 439 (346 SE2d 884) (1986).

5. Next, defendants contend the trial court erred by excluding testimony from the police officer who investigated the accident that he was told by his supervisor not to charge Jordan with driving her automobile in a manner that contributed to the accident. On direct examination by Jordan's attorney, the investigating officer testified that he found no contributing factors in the accident on the part of Jordan. On cross-examination, the officer testified that on his written accident report he estimated Jordan's speed at impact to be 35 mph (the speed limit where the accident occurred), and that he found Jordan's vision was obscured by sunlight. When asked why, under the circumstances, he did not find there were any contributing factors on the part of Jordan, he responded that was because of what was told him in a conversation he had with his supervisor. The trial judge sustained Jordan's objection that what the supervisor said was inadmissible hearsay.

Out of the jury's presence, the defendants proffered testimony from the officer which showed that after investigating the accident, he called his supervisor, described the situation, and the supervisor advised him to charge defendant Latimore and not Jordan. The officer also responded during the proffer that based on his own investigation, apart from what his supervisor had told him, he believed that, given the circumstance of blinding sunlight, Jordan's speed was a factor contributing to the accident.

Defendants argue that what the supervisor said should have been admitted under OCGA § 24-3-2 as explaining the conduct and motive of the investigating officer in not charging Jordan with contributing to the accident. We agree that the conduct and motive of the officer in not charging Jordan with contributing factors were relevant to the issue of whether Jordan was negligent in any degree which contributed to the accident, and therefore the supervisor's statement was admissible under OCGA § 24-3-2 to explain the conduct of the officer. *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982); *Lloyd v. Tyson*, 195 Ga. App. 48, 49 (392 SE2d 551) (1990). However, under the circumstances of this case there was no reversible error. The only effect of the court's ruling was to exclude what the supervisor said. The defendants were not prevented from otherwise fully cross-examining the investigating officer to demonstrate why he testified on direct examination that he found no contributing factors on the part of Jordan. In

other words, the defendants were not prevented from showing, as they did during the proffer, that from his own investigation the officer concluded that Jordan's speed under the circumstances contributed to the accident, but he did not charge her because of what his supervisor told him. Since exclusion of the exact content of the conversation did not prevent the defendants from adequately explaining the officer's conduct, we find no reversible error. Moreover, during cross-examination of the plaintiff's accident experts and Jordan herself, the defendants were able to fully demonstrate their claim that Jordan's speed in the face of the blinding sunlight contributed to the accident.

6. In enumeration seven, the defendants claim the trial court erred by allowing both attorneys representing Jordan to participate in concluding argument to the jury. Since the defendants presented no evidence, they had the right to the opening and the conclusion of the final argument, and Jordan was entitled only to present argument in between, which was, in effect, her concluding argument. *Hogsed v. Hogsed*, 230 Ga. 232, 233 (196 SE2d 428) (1973); *Goforth v. Wigley*, 178 Ga. App. 558, 560-561 (343 SE2d 788) (1986). After the defendants waived their right to the opening argument, both of Jordan's attorneys participated in giving her concluding argument, which was followed by the defendants' concluding argument. Under the circumstances, the trial court should have limited presentation of Jordan's concluding argument to one attorney. OCGA § 9-10-182; *Bridges v. Schier*, 195 Ga. App. 583, 585-586 (394 SE2d 408) (1990); see *Goforth*, supra at 560-561. Despite the error, defendants have not demonstrated harm requiring reversal. *Bridges*, supra at 585-586.

7. For the above reasons, we find no error in the trial court's refusal to grant the defendants' motion for a new trial.

### Case No. A91A1097

8. For the reasons stated in Division 1 of Case No. A91A1096, we find no merit in plaintiff Jordan's enumerations of error on cross-appeal claiming the trial court erred in granting the defendant's motion to set aside and re-enter the original order denying defendants' motion for a new trial.

*Judgment affirmed in Case Nos. A91A1096 and A91A1097. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 27, 1991.

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Douglas A. Wilde*, for appellants.

*Cook, Noell, Tolley & Aldridge, J. Vincent Cook*, for appellee.