A93A0199. BENTLEY v. B.M.W., INC. et al.
(433 SE2d 719)

BIRDSONG, Presiding Judge.

Rena M. Bentley appeals from a $95,000 judgment in her favor against B.M.W., Inc. and Chemical Enterprises, Inc. Bentley contends she was rendered totally and permanently disabled from injuries sustained after a tire and wheel came off a tractor trailer for which

B.M.W. and Chemical Enterprises were responsible, and struck a van driven by Bentley. At trial, appellees admitted liability, but denied causation and damages because they asserted Bentley did not sustain any injuries in this accident and her medical treatment was unnecessary.

Nevertheless, the jury returned a verdict for $100,000 in Bentley's favor which was reduced to $95,000 because of the PIP set-off. Bentley now contends the trial court erred by denying her motion for new trial because appellees injected insurance and their financial status in the case. She also claims the trial court erred by allowing expert medical testimony based on medical records which were not admitted in evidence, by allowing appellees to impeach one of her witnesses with a nolo contendere plea for which he was given first offender status, and by allowing two attorneys to argue on behalf of appellees in closing. *Held*:

1. Bentley's first and second enumerations of error contend the trial court erred by denying her motion for a new trial because appellees' counsel in closing argument violated the trial court's ruling on appellees' motion in limine that excluded references to a party's financial status or the availability of insurance. The comments Bentley complains of occurred when appellees' counsel, in effect, argued that Bentley was involved in two collisions, one with someone with only minimum liability insurance and in which she suffered her injuries and the other with appellees, two out-of-state corporations with greater financial resources, and that even though she was not injured in the collision with appellees, she brought the action against them because of their greater financial resources.

As Bentley did not object to the comments of which she now complains, she relies upon the trial court's rulings on appellees' motion in limine to preserve the issues on appeal. See *Reno v. Reno*, 249 Ga. 855, 856 (295 SE2d 94); *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285-286 (260 SE2d 20). However, from the transcript of the hearing on the motion, it is difficult to discern the trial court's ruling on these issues, and to what extent, if at all, the motion was granted. Regarding references to insurance available in the other collision, after a discussion with the trial court, appellees' counsel, without objection by Bentley, withdrew the motion as it related to insurance available in the other accident. Further, we cannot agree that reference to the third party's insurance in the other accident was excluded by any general prohibition of insurance in the motion.

The trial court stated: "You know where you are at with the insurance proposition. PLAINTIFF'S COUNSEL: I know. THE COURT: If insurance gets too much involved in this case, you are out. PLAINTIFF'S COUNSEL: I understand that. THE COURT: I think everybody knows that. That is why — PLAINTIFF'S COUNSEL: No

problem. THE COURT: It kind of bothers me a little bit you want to come in here and try a case for three days and have it go out the window. [COUNSEL FOR BOTH PARTIES]: No sir." Thus, it cannot be said that this colloquy clearly prohibited the remarks about which Bentley now complains. Additionally, although counsel for both parties agreed they would not make improper comments about the other's financial conditions, we find no ruling by the trial court which would prevent appellees from commenting upon their own financial conditions.

Moreover, not all references to insurance or financial conditions of the parties are prohibited. In most instances, evidence of the availability of insurance coverage or financial circumstances is not admissible because neither subject is relevant to any issue in the case. See *Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (88 SE2d 26); *Goins v. Glisson*, 163 Ga. App. 290, 292 (292 SE2d 917). In this case, however, the availability of the third party's insurance and the financial circumstances of appellees were relevant under appellees' theory that Bentley brought this action against appellees because of the possibility of a greater recovery. Therefore, the general rule is inapplicable here. See *Estfan v. Poole*, 193 Ga. App. 507, 510-511 (388 SE2d 373); *U-Haul Co. &c. v. Ford*, 171 Ga. App. 744, 745 (320 SE2d 868).

Further, the authority cited by Bentley in support of her position is inapposite to the case at bar. This is not a case in which either party introduced evidence of defendants' liability insurance or collateral sources available to plaintiff. Accordingly, these enumerations of error are without merit.

2. Bentley's third enumeration of error contends the trial court erred by allowing appellees to introduce expert medical testimony which was based on medical reports and records not admitted in evidence. The transcript shows, however, that this expert witness, a physician, personally examined Bentley and reached certain conclusions based upon this examination. Further, although some of the medical records and reports were not introduced, it is not apparent that the witness based any of his opinions solely on reports which were not in evidence. Indeed, the physicians' depositions had been read in evidence before this witness testified. Therefore, the witness' testimony was not objectionable on this basis. See *Southern Bell Tel. &c. Co. v. Franklin*, 196 Ga. App. 474, 475 (396 SE2d 514). Instead, the witness was asked to make certain assumptions and state his opinion based upon these hypothetical facts. Under the circumstances, we find no error. Further, even if some portion of the testimony was based upon records which were hearsay because they had not been introduced in evidence, this would go to the weight of the evidence and not its admissibility. *Doctors Hosp. &c. v. Bonner*, 195 Ga. App. 152, 160 (392 SE2d 897). If Bentley was dissatisfied with the basis for the witness'

opinions, this was a proper subject for cross-examination. *Felton v. White*, 197 Ga. App. 367 (398 SE2d 425).

3. Bentley also contends that the trial court erred by allowing appellees to impeach one of her physicians through the use of a nolo contendere plea which was given first offender treatment. We find no error. The record shows that before this conviction was introduced the physician had testified that "the only flaw" he had on his 50-year medical career was an occasion in the early 1970s when his hospital privileges were suspended. Therefore, appellees were entitled to disprove or contradict the doctor's testimony regarding the "only flaw" in his 50-year career. *Hightower v. Gen. Motors Corp.*, 255 Ga. 349 (338 SE2d 426). Further, *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6) held that a first offender record cannot be used to impeach an adverse witness by showing commission of a felony or a crime of moral turpitude and expressly stated that *Hightower* was not affected by that decision. Id. at 249.

4. Bentley's final enumeration of error contends that the trial court erred by allowing two attorneys to argue for appellees in closing and by refusing to allow her counsel to state his objection and the grounds. See OCGA § 9-10-182; *City of Monroe v. Jordan*, 201 Ga. App. 332, 337 (411 SE2d 511). Pretermitting whether the trial court erred, however, Bentley has not demonstrated how this procedure may have harmed her. Therefore, this enumeration provides no ground for reversal. Id.; *Bridges v. Schier*, 195 Ga. App. 583, 586 (394 SE2d 408).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 15, 1993.

*Agnew, Schlam & Bennett, G. Michael Agnew, Paul E. Schlam, B. T. Edmonds, Jr.*, for appellant.

*Watson, Spence, Lowe & Chambless, Stephen S. Goss, W. Earl McCall, Henry E. Williams*, for appellees.