## A02A1768. SHERIFF v. THE STATE.
(574 SE2d 449)

BLACKBURN, Chief Judge.

John Charles Sheriff appeals his convictions by a jury of rape, aggravated assault, burglary, battery, aggravated stalking, and stalking. He argues in his sole enumeration of error that the trial court committed reversible error in refusing to allow both of his trial attorneys to make a concluding argument at trial. For the reasons set forth below, we affirm.

Sheriff retained two attorneys to represent him at trial. As Sheriff introduced evidence other than his own testimony, at the close of

---

evidence, the State was entitled to make the opening statement and the chronologically concluding argument, with Sheriff having the right to make his concluding argument between the State's presentations. At the close of the evidentiary phase of the trial, Sheriff's attorneys asked the trial court to allow both of them to take part in defendant's closing argument. Interpreting OCGA § 17-8-70 to mean that only one attorney is allowed to present the closing argument for each side, the trial court denied Sheriff's request that his co-counsel be allowed to split the closing argument, and only one of Sheriff's attorneys made his closing argument.

OCGA § 17-8-70[1] provides: "Not more than two counsel shall be permitted to argue any case for each side, except by express leave of the court. In no case shall more than one counsel for each side be heard in conclusion." The plain and explicit language of this statute indicates that each side has the opportunity to make its concluding argument. That being the case, the prohibition against more than one counsel for each side being heard in conclusion necessarily applies to both the State and the defense, regardless of which side makes the argument which is last chronologically.

A similar situation was presented in *City of Monroe v. Jordan.*[2] In that case, we held

> [s]ince the defendants presented no evidence, they had the right to the opening and the conclusion of the final argument, and [the plaintiff] was entitled only to present argument in between, which was, in effect, her concluding argument. After the defendants waived their right to the opening argument, both of [the plaintiff's] attorneys participated in giving her concluding argument.

(Citation omitted.) Id. at 337 (6). On appeal, the defendants argued that the trial court had erred in allowing both of the plaintiff's attorneys to participate in her concluding argument to the jury. This Court agreed. In keeping with the explicit language of the statute, we ruled that "the trial court should have limited presentation of [the plaintiff's] concluding argument to one attorney." Id. See also *Bridges v. Schier;*[3] *Goforth v. Wigley;*[4] *White v. Cline.*[5] It would have been patently unfair to have done otherwise. What basis would there be to limit only one side to a single attorney in its concluding argument?

---

[1] The corresponding statute applying to civil trials is OCGA § 9-10-182. The wording of the two statutes is nearly identical.

[2] *City of Monroe v. Jordan*, 201 Ga. App. 332 (411 SE2d 511) (1991).

[3] *Bridges v. Schier*, 195 Ga. App. 583, 585-586 (394 SE2d 408) (1990).

[4] *Goforth v. Wigley*, 178 Ga. App. 558, 561 (3) (343 SE2d 788) (1986).

[5] *White v. Cline*, 174 Ga. App. 448, 449 (1) (330 SE2d 386) (1985).

Accordingly, the trial court did not err in limiting Sheriff to a single attorney in making his concluding argument.

We overrule *Limbrick v. State*[6] which limited only the chronologically concluding argument to a single attorney, ignoring the plain language of OCGA § 17-8-70, that "[i]n no case shall more than one counsel *for each side* be heard in conclusion." (Emphasis supplied.) To the extent that the holdings of any other cases limit only the chronologically concluding argument to a single attorney, those cases, too, are hereby overruled.

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Smith, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington, Phipps, Mikell, JJ., and Pope, Senior Appellate Judge, concur.*

DECIDED NOVEMBER 18, 2002 ▮

*Buford & Buford, Floyd M. Buford, Jr.*, for appellant.

*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.

---

[6] *Limbrick v. State*, 152 Ga. App. 615 (263 SE2d 502) (1979).