S03G0492. SHERIFF v. THE STATE.
(587 SE2d 27)

BENHAM, Justice.

OCGA § 17-8-70 provides that "[n]ot more than two counsel shall

---

be permitted to argue any case for each side, except by express leave of the court. In no case shall more than one counsel for each side be heard in conclusion." We granted a writ of certiorari to the Court of Appeals to examine that court's construction of the second sentence of OCGA § 17-8-70 in *Sheriff v. State*, 258 Ga. App. 423 (574 SE2d 449) (2002).

Appellant John Sheriff was tried on a criminal indictment in the Superior Court of Houston County. Because appellant introduced evidence other than his testimony at trial, the State was entitled to make the opening and concluding closing arguments, with Sheriff's closing argument taking place between the State's two arguments. OCGA § 17-8-71. Sheriff's two attorneys asked that both of them be permitted to give a portion of Sheriff's closing argument, and the State objected. The trial court sustained the objection, construing the second sentence of OCGA § 17-8-70 to mean that each side is entitled to have only one attorney make the closing argument for that side. On appeal, the Court of Appeals agreed that appellant was entitled to have only one attorney make his closing argument. Citing a number of cases involving OCGA § 9-10-182, the civil counterpart of § 17-8-70, the Court of Appeals concluded that "the prohibition against more than one counsel for each side being heard in conclusion necessarily applies to both the State and the defense. . . ." *Sheriff v. State*, supra, 258 Ga. App. at 424. In so doing, the Court of Appeals overruled *Limbrick v. State*, 152 Ga. App. 615 (263 SE2d 502) (1979), where the Court of Appeals had held that the statutory limitation of one attorney making the closing argument applied only "to the party exercising the privilege of the final jury argument chronologically, the 'last say.'" This Court granted Sheriff's petition for a writ of certiorari to examine the Court of Appeals' interpretation of OCGA § 17-8-70 and the overruling of the holding in *Limbrick*.

1. We note initially that OCGA § 17-8-70 is not an accurate codification of the law. OCGA § 17-8-70 and its civil counterpart, § 9-10-182, share a common genesis in Ga. L. 1924, p. 75, § 1, which stated: "Be it enacted by the General Assembly of Georgia that no more than two counsel shall be permitted to argue any cause for each side, except by express leave of the court; and in no case shall more than one counsel be heard in conclusion." Separate civil and criminal code sections on the topic were incorporated in the 1933 Code, with Code Ann. § 27-2202 governing criminal cases and Code Ann. § 81-1004 covering civil cases. Each code section stated: "Not more than two counsel shall be permitted to argue any cause for each side, except by express leave of the court; and in no case shall more than one counsel

be heard in conclusion."[1] When the Code was recodified in 1982, § 81-1004 became OCGA § 9-10-182, and stated: "Not more than two counsel for each side shall be permitted to argue any case, except by express leave of the court; and in no case shall more than one counsel be heard in conclusion." In the recodification, Code Ann. § 27-2202 became OCGA § 17-8-70, and stated: "Not more than two counsel shall be permitted to argue any case for each side, except by express leave of the court. In no case shall more than one counsel for each side be heard in conclusion."

It is readily apparent that OCGA § 17-8-70 was substantively modified in the 1982 recodification. The phrase "for each side" that previously limited only the number of counsel permitted to argue any case without express leave of court, was repeated so as to also limit the number of counsel to be heard "in conclusion." The recodification's substantive modification is not entitled to any weight since the General Assembly expressly provided in its enactment of the recodified Code that it did not intend the enactment of the 1982 Code to alter the substantive law in effect on the effective date of the 1982 recodification. Included in the recodification is OCGA § 1-1-2 which states, among other things, that "[e]xcept as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code."[2] Accordingly, we apply the substantive law in effect at the time of the enactment of the 1982 Code. *Charter Med. Info. Svcs. v. Collins*, 266 Ga. 720, 722 (470 SE2d 655) (1996); *Brophy v. McCranie*, 264 Ga. 187 (1) (442 SE2d 230) (1994); *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419 (1) (405 SE2d 61) (1991). Thus, the statute should read as it did before recodification: "Not more than two counsel shall be permitted to argue any cause for each side, except by express leave of the court; and in no case shall more than one counsel be heard in conclusion." Code 1933, § 27-2202.

2. The issue before us is the meaning of "in conclusion," the final phrase of OCGA § 17-8-70. In Georgia, the arguments at the close of

---

[1] The text of Code Ann. § 27-2202 is as quoted in *Limbrick v. State*, supra, as well as in *McDuffie v. Jones*, 248 Ga. 544, 547 (283 SE2d 601) (1981) overruled on other grounds, *West v. Waters*, 272 Ga. 591 (533 SE2d 88) (2000). The text of Code Ann. § 81-1004 is as found in the 1956 edition of the Harrison edition of the Georgia Code Annotated.

[2] Instead, the General Assembly stated:

[t]he enactment of this Code is intended as a recodification, revision, modernization, and reenactment of the general laws of the State of Georgia which are currently of force and is intended, where possible, to resolve conflicts which exist in the law and to repeal those laws which are obsolete as a result of the passage of time or other causes, which have been declared unconstitutional or invalid, or which have been superseded by the enactment of later laws.

OCGA § 1-1-2.

evidence "generally include an 'opening' and a 'conclusion' and an argument in between." *Goforth v. Wigley*, 178 Ga. App. 558, 561 (3) (343 SE2d 788) (1986). See also OCGA § 17-8-71. The party with the burden of proof is entitled to the opening and concluding arguments, with the other side presenting the argument in between (see *Buchanan v. McDonald*, 40 Ga. 286, 288 (1869)); if, however, a criminal defendant introduces no evidence other than his own testimony, or a civil defendant introduces no evidence, he is entitled to the opening and concluding arguments, with the State or plaintiff presenting the argument in between. OCGA § 17-8-71; *Scott v. State*, 243 Ga. 233 (2) (253 SE2d 698) (1979); *Hogsed v. Hogsed*, 230 Ga. 232, 233 (196 SE2d 428) (1973). In *Limbrick v. State*, supra, 152 Ga. App. 615, the Court of Appeals held that the limitation to one counsel was applicable only to the concluding argument, stating that the last clause of OCGA § 17-8-70 "forbids more than one counsel to present the last argument to be heard by the jury. That is, the final clause . . . applies to the party exercising the privilege of the final jury argument chronologically, the 'last say.'" Earlier opinions issued by the Georgia appellate courts in civil cases presaged that conclusion. In *Peacock v. Stinson*, 72 Ga. App. 48, 49 (3) (32 SE2d 921) (1945), the court noted that the party with the middle argument could not waive his argument after the opposing party had made the opening argument and thereby deprive a second attorney for the opposing party from giving the concluding argument by contending that more than one counsel would be heard in conclusion. The Court of Appeals noted, "Only one is being heard in conclusion, and so far as [the opposing party] is concerned, the situation is the same as if the [party with the middle argument] had availed themselves of their right to argue." In *Duke v. Steed*, 127 Ga. App. 541 (194 SE2d 257) (1972), the Court of Appeals affirmed the order of closing argument set out by the trial court in a case where the plaintiff was represented by two attorneys and there were two co-defendants, one of whom was the appellant and the other of whom was represented by two attorneys. The court noted that the order of closing argument (plaintiff's counsel No. 1; co-defendant's counsel No. 1; the appellant's counsel; co-defendant's counsel No. 2; and plaintiff's counsel No. 2) complied with all the statutory limitations on the trial court's discretion since "[p]laintiff received opening and concluding arguments; no more than two counsel per side were permitted to argue; and only one was heard in conclusion." In *Morris v. West*, 183 Ga. 214 (3) (187 SE 861) (1936), this Court acknowledged "only one argument in conclusion is permitted under the statute" where plaintiff had the opening and closing argument and, after one of plaintiff's attorneys argued in conclusion, the other attorney for plaintiff spoke in closing, over the defendant's objection. This Court declined to reverse the

judgment since the arguments were made in a bench trial rather than a jury trial and there was no evidence of the contents of the second argument.

Following *Limbrick*, the Court of Appeals repeatedly noted that the statute was not violated when two attorneys argued on behalf of the party with the middle argument. In *Taylor v. Powell*, 158 Ga. App. 339 (280 SE2d 386) (1981), the Court of Appeals observed that "[t]he evidence shows that counsel for the plaintiffs made the concluding argument. No violation of [the statute] thus appears." See also *Steverson v. Eason*, 194 Ga. App. 273 (2) (390 SE2d 424) (1990); *Williams v. Greenfield Equipment Co.*, 184 Ga. App. 239 (361 SE2d 199) (1987). In *Goforth v. Wigley*, supra, 178 Ga. App. at 561-562, the Court of Appeals stated that "the statutory proscription that 'in no case shall more than one counsel be heard in conclusion' (OCGA § 9-10-182) refers to the concluding portion of plaintiff's right to open and conclude final arguments (or to whomever bears the burden of proof and thus gets opening and concluding)." Using case law construing the statutory limitations on closing argument to interpret the uniform superior court rule on the subject, the court observed in *Wakily v. State*, 225 Ga. App. 56, 59 (6) (483 SE2d 313) (1997), that "the term 'concluding' has been held to refer to the concluding portion of final argument. . . ." In *McDuffie v. Jones*, 248 Ga. 544 (2) (283 SE2d 601) (1981), overruled on other grounds in *West v. Waters*, 272 Ga. 591 (533 SE2d 88) (2000)), faced with a case in which the trial court construed the last clause of OCGA § 17-8-70 as permitting only one of two jointly-tried defendants to present the concluding argument, this Court construed the final portion of OCGA § 17-8-70 as a limitation on the number of attorneys who may present closing argument on behalf of any one defendant tried jointly.[3] In *Simmons v. State*, 266 Ga. 223 (6) (a) (466 SE2d 205) (1996), overruled on other grounds in *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998)), this Court declined to reach the merits of the defendant's contention that the State had violated OCGA § 17-8-70 by having two attorneys make closing arguments. A review of the appellate record reveals that the State had the opening and closing arguments and had two attorneys argue in conclusion, a violation of the statute. However, as noted by this Court, Simmons failed to object at trial and, even if he had preserved the error for appellate review, Simmons had not established harm, a necessary prerequisite to reversible error. Id.

The Court of Appeals has developed a second line of cases inter-

---

[3] The two defendants were each given the opportunity to present an opening argument since one defendant had presented no evidence and the other had presented only his testimony. The trial court construed § 17-8-70's precursor as permitting one concluding argument per trial.

preting OCGA §§ 9-10-182 and 17-8-70 as limiting participation in closing argument to one counsel per party and construing the middle argument as that party's "concluding argument" which then is deemed limited by the last clause in the statute to one attorney's participation. Starting with *White v. Cline*, 174 Ga. App. 448 (1) (330 SE2d 386) (1985), and continuing through *Bridges v. Schier*, 195 Ga. App. 583 (7) (394 SE2d 408) (1990), *City of Monroe v. Jordan*, 201 Ga. App. 332 (6) (411 SE2d 511) (1991),[4] *Bentley v. B.M.W., Inc.*, 209 Ga. App. 526 (4) (433 SE2d 719) (1993), and *Parker v. Hosp. Auth. of Bainbridge &c.*, 214 Ga. App. 113 (4) (446 SE2d 766) (1994),[5] the appellate court ruled that the party with the middle argument was entitled to have only one attorney present the middle argument. The Court of Appeals' decision in the case at bar is the most recent case in which the court held that the statutory limitation of one counsel being heard in conclusion is applicable to both the party with the opening and closing arguments and the party with the middle argument.[6]

Faced with conflicting constructions of OCGA § 17-8-70 and its identical civil counterpart, we conclude that the sounder interpretation is that set forth in *Limbrick v. State*, supra, 152 Ga. App. 615 (1): the statutory limitation of one counsel "heard in conclusion" applies "to the party exercising the privilege of the final jury argument chronologically. . . ." It is the construction implicitly and explicitly applied by the appellate courts until, without citation of authority and without distinguishing earlier precedent, a panel of the Court of Appeals abruptly changed course in *White v. Cline*, supra, 174 Ga. App. 448 (1). It is the construction that harmonizes all parts of the

[4] *City of Monroe v. Jordan* appears to be the source of the questionable rationale that the middle argument is, in effect, the concluding argument for that party and, as such, should have been limited to presentation by one attorney. The opinion cites *Hogsed v. Hogsed*, supra, 230 Ga. 232, and *Goforth v. Wigley*, supra, 178 Ga. App. at 560-561, in support of the proposition. However, *Hogsed* is a case in which this Court applied to divorce cases the rule that a defendant in a civil case who presents no evidence is entitled to the opening and conclusion of the argument, and *Goforth* cites *Pealock v. Pealock*, 227 Ga. 795, 797 (183 SE2d 397) (1971), and *Standridge v. Standridge*, 224 Ga. 102 (160 SE2d 377) (1968), both of which reiterate that the party with the burden of proof has the right to open and close the argument, and neither of which states the middle argument is that party's concluding argument.

[5] In those cases in which the appellate court determined the trial court erred in permitting more than one attorney representing the party with the middle argument to present that argument, the court found the error presented no ground for reversal since the complaining party had the final argument and consequently, had suffered no harm from two attorneys making the middle argument. *Parker v. Hosp. Auth. of Bainbridge &c.*, supra; *Bridges v. Schier*, supra. See also *Bentley v. B.M.W.*, supra (pretermitting error there was no harm).

[6] We note that the Court of Appeals' decision in this case is the only one which emphasizes the phrase "for each side" that was added in the recodification process and which we have concluded in Division 1 is not a part of the statute.

statute and gives "a sensible and intelligent effect to each part" (*Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975)), since the first part of OCGA §§ 17-8-70 and 9-10-182 provides that two attorneys can present argument on behalf of a party without leave of court.[7] If the second part of the statutes is construed as limiting the middle and concluding argument to one attorney, it renders meaningless the first part of the statutes which states that two counsel for each side shall be permitted to argue any case without leave of court. Accordingly, we overrule the second line of cases (*White v. Cline, Bridges v. Schier, City of Monroe v. Jordan, Bentley v. B.M.W., Parker v. Hosp. Auth.*, and *Sheriff v. State*, 258 Ga. App. 423) and their progeny to the extent they hold that the statutory limitation of "one counsel be[ing] heard in conclusion" limits the number of counsel who may present the middle argument. We also note that trial courts should construe Rule 13.3 of the Uniform Superior Court Rules and the Uniform State Court Rules[8] in accordance with our holding herein.

3. Applying the appropriate construction of OCGA § 17-8-70 to the case at bar, we conclude the trial court erred when it refused to permit both of appellant's attorneys to participate in the middle argument. The question remains whether the error was harmless.

> The right to make a closing argument to the jury is an important one, and abridgment of this right is not to be tolerated. Harm requiring that a defendant be given a new trial is presumed when the right is erroneously denied, and the presumption of harm, though not absolute, is not readily overcome. [Cits.] The presumption of harm may fall when the denial of the right is not complete and only in those extreme cases in which the evidence of a defendant's guilt is so overwhelming that it renders any other version of events virtually without belief. [Cits.]"

*Hayes v. State*, 268 Ga. 809, 813 (7) (493 SE2d 169) (1997). See also *Givens v. State*, 264 Ga. 522 (1) (448 SE2d 687) (1994); *McDuffie v. Jones*, supra, 248 Ga. at 547; *Stephens v. State*, 233 Ga. App. 32 (2) (503 SE2d 311) (1998) (all recognizing a presumption of harm when a party is denied the closing argument to which it is statutorily entitled under OCGA § 17-8-70). Appellant's right to make a closing

---

[7] *Wells v. State*, 177 Ga. App. 419, 421 (2) (339 SE2d 392) (1986), where the Court of Appeals construed the first part of OCGA § 17-8-70 as limiting the number of attorneys "assisting in the case" on behalf of a party, is overruled.

[8] "**Number of Arguments.** Not more than two attorneys shall be permitted to argue any case for any party except by leave of court; in no event shall more than one attorney for each party be heard in concluding argument."

argument was not completely abridged since one of his attorneys was allowed to address the jury. However, while there was sufficient evidence to authorize the jury to find appellant guilty of raping the mother of two of his children, we cannot say the evidence of appellant's guilt was "so overwhelming that it renders any other version of events virtually without belief." *Hayes v. State*, supra, 268 Ga. at 813 (7). The issue was one of consent, and appellant presented evidence he and the victim had engaged in consensual intercourse and that the victim's cultural deference to her older sisters who had grudges against appellant was the basis for the victim's assertion that the intercourse was not consensual. Accordingly, we must reverse appellant's convictions and remand the case to the trial court for a new trial.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Buford & Buford, Floyd M. Buford, Jr.*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.