Where in a pending suit, the court signs an order making additional parties defendant and granting an interlocutory injunction as to them, without any notice, rule nisi, or hearing, such order is erroneous.
(a) A motion to dismiss the writ of error, assigning error thereon, is without merit.
 No. 16676. JUNE 13, 1949.
On November 24, 1948, Harvey B. Bloodworth filed an equitable suit in Bibb Superior Court against thirteen individuals and Georgia Kaolin Company, a foreign corporation with an officer and agent in Bibb County. One of the individuals was a resident of Bibb County, six were residents of Twiggs County, and six were non-residents of the State.
The petitioner alleged that he was the owner of a certain described *Page 367 
one-hundred-acre tract of land in Twiggs County, having acquired it from the estate of Ben White of Twiggs County at an administrator's sale, and evidenced by an administrator's deed, executed and recorded May 6, 1941; and since said time has been in the exclusive, continuous, and uninterrupted possession thereof.
That on July 31, 1948, the defendant, Georgia Kaolin Company, recorded in the office of the Clerk of the Superior Court of Twiggs County a purported lease to the mineral rights on the above described lands of the plaintiff, covering a term of 46 years, which was signed by the thirteen individual defendants. In said lease it was asserted that Ben White had died in 1920 and prior to his death he had given the described land to Robert White and Frances Fitzpatrick, who remained in possession thereof until their respective deaths in 1939 and 1941; and that the thirteen lessors were the only heirs at law of Robert White and Frances Fitzpatrick.
It was alleged that, claiming the right so to do under the terms of this purported lease, the defendant, Georgia Kaolin Company, was trespassing upon the premises, had erected a sign thereon indicating the right of possession to be in it, and had notified the plaintiff of its intention to dig and remove certain minerals.
The prayers were for injunction, for cancellation of the purported lease as a cloud upon the plaintiff's title, for process, order for service by publication, and for general relief.
On February 26, 1949 — which was about three months after the filing of the foregoing suit — another suit concerning the same land was filed in Twiggs Superior Court by Ada Fitzpatrick and her seven children, alleging that they were the widow and children of Ben Fitzpatrick, who was the son of Frances White Fitzpatrick. It named as defendants Harvey Bloodworth, the plaintiff in the Bibb County suit, all of the fourteen defendants in the Bibb County suit, ten other defendants alleged to be children and descendants of children of Ben White, the original owner, W. H. Mercer, as the administrator of the estate of Ben White, and Huber Company, a corporation. It was alleged: that Ben White died in 1920 after making an oral gift of the property to Frances White Fitzpatrick and Robert White, who went into possession and made valuable improvements; that the eight plaintiffs *Page 368 
herein named and the thirteen individuals named in the Bibb County suit are their descendants and joint owners thereof; that all twenty-one of the owners have executed a lease to the mineral rights in the property to Georgia Kaolin Company; and that Harvey Bloodworth, the plaintiff in the Bibb County suit, who had purportedly purchased the land at an administrator's sale in 1941 and had the deed from W. H. Mercer, as administrator of the estate of Ben White recorded, for stated reasons acquired no title thereto, but had executed and had recorded a lease contract to the mineral rights in favor of the defendant Huber Corporation. The petition asserted that other heirs at law of Ben White are claiming an interest in the property, and that this together with the administrator's deed and the lease contract to Huber Corporation constitute clouds upon the owners' title. The prayers were for process, order for service by publication, cancellation of the administrator's deed and lease contract to Huber Corporation, a decree of fee-simple ownership subject to lease to Georgia Kaolin Company, and for general relief.
After the above-stated Twiggs County suit was served upon Harvey Bloodworth, the plaintiff in the Bibb County suit, he filed, on March 24, 1949, an amendment to the Bibb County suit, and alleged that at the time of filing the original suit he did not know that Ada Fitzpatrick and her seven children claimed any interest in the land, and by the amendment he named each of them as defendants. The amendment further alleged that the suit in Twiggs Superior Court presents the identical questions of law and fact as are in issue in Bibb Superior Court; that the necessary parties are the same; and that Bibb Superior Court had already exercised jurisdiction thereof before the suit was filed in Twiggs Superior Court. The prayers of the amendment were (a) that the plaintiffs in the case in Twiggs Superior Court be made parties defendant in this action; (b) for service; (c) that the plaintiffs in the suit in Twiggs Superior Court be enjoined, and (d) be temporarily restrained from prosecuting their suit; (e) that notice of the temporary restraining order be served upon their counsel by mailing copy of amendment and order by registered mail; (f) and for general relief.
Upon this amendment, the court directed: "It is ordered that said amendment be allowed and filed and the defendants named *Page 369 
therein be made parties defendant in this action." Then after making provision for service, it was stated: "It is further ordered that pending the final judgment of the court in this action the defendants named . . are hereby temporarily restrained from prosecuting their suit in the Superior Court of Twiggs County, Georgia, against the plaintiff in this action until further order of this court." It was then provided "that notice of the temporary restraining order . . be served upon . . counsel of record for the defendants named . . as plaintiffs in said suit in Twiggs Superior Court . . by mailing . . by registered mail a copy of the . . amendment . . and . . order."
On March 25, 1949, J. M. Huber Corporation filed an intervention, alleging that it had a lease to the mineral rights in the land in question, executed by Harvey Bloodworth, the plaintiff in the original Bibb County suit; and prayed that it be made a party plaintiff in said suit, which was done.
The exception is to the order granted at the time of allowing the amendment, on March 24, 1949, and the plaintiffs in error assert that the order was invalid, in that it made them parties and enjoined them without any notice.
The order to which exceptions are taken made no provision for a rule nisi to parties sought to be made defendants, as required by Code § 3-404, but made them parties defendant instanter. After so doing, and without any notice to the defendants as required by Code § 55-201, the order further stated: "That pending the final judgment of the court in this action the defendants . . are hereby temporarily restrained from prosecuting their suit . . [in Twiggs County] until further order of this court." Notwithstanding the expression, "temporarily restrained," is used, yet by the terms of this order it is in fact an interlocutory injunction "pending the final judgment of the court." See Grizzel v. Grizzel, 188 Ga. 418 (1) (3 S.E.2d 649).
This case is controlled by the rulings in Shaw v. Goodman,135 Ga. 230 (69 S.E. 173), where parties defendant were made instanter *Page 370 
and enjoined without a hearing, which was held to be erroneous, and that a motion to dismiss a writ of error excepting thereto was without merit. Accordingly, the order excepted to in the instant case was erroneous. The motion to dismiss the writ of error is denied.
Judgment reversed. All the Justices concur.