32989. COMMISSIONERS OF WAYNE COUNTY et al.
v. SMITH et al.

NICHOLS, Chief Justice.

This action was brought by residents and taxpayers of Wayne County to enjoin the board of commissioners from enacting an ordinance and resolution changing the composition and method of appointment of the membership of the board of the Hospital Authority of Wayne County.

The original board of the hospital authority established in 1956 by resolution of the board of commissioners pursuant to enabling legislation was comprised of seven members serving staggered terms who were appointed by the board of commissioners. Pursuant to a general law enacted in 1964 (Code Ann. § 88-1803: Ga. L. 1964, pp. 499, 599; 1965, p. 347), the board of the hospital authority elected to fill vacancies in its membership by requiring the board of commissioners to submit three candidates from which the board of the

---

hospital authority would select one person to fill the vacancy.

The board of commissioners sought to pass an ordinance and resolution pursuant to the "home rule" provisions of the Constitution (Code Ann. § 2-5901), the effect of which would have been to terminate the terms of office of all members of the authority board, to reduce the membership of the authority board from seven to five and to provide that authority board members would be appointed by the board of commissioners.

After hearing arguments and after the submission of briefs in behalf of all parties, the trial court found that the language of Code Ann. § 88-1803 (Ga. L. 1964, pp. 499, 599; 1965, p. 347), providing for appointment of the members of the boards of hospital authorities, was not subject to change by an exercise of the home rule powers contained in Code Ann. § 2-5901. The trial court then enjoined the commissioners from enacting the proposed ordinance and resolution, and the board of commissioners appealed.

The "home rule" provision of the Constitution relied upon by the board of commissioners limits legislative action by the board of commissioners to matters "for which no provision has been made by general law." Code Ann. § 2-5901 (a). Furthermore, the "home rule" powers of the board of commissioners do not extend to "any . . . matters which the General Assembly by general law has preempted." Code Ann. § 2-5901 (c).

The General Assembly has provided by general law that: "The members of hospital authorities now in existence shall serve out the remainder of their terms as provided for by resolutions of the governing body, or until a vacancy occurs for any other reason, in which event *the appointment of new members and the filling of vacancies shall be in accordance with the provisions hereof.*" (Emphasis supplied.) Code Ann. § 88-1803.

The obvious purpose of the ordinance and resolution, the enactment of which was enjoined by the trial court, is to terminate abruptly the appointment of new members in accordance with the general law last quoted, pursuant to which the board of the hospital authority has a voice in the selection of its membership, and to substitute in lieu

thereof a procedure that is similar to, if not identical with, the procedure by which the membership of the authority board was selected prior to enactment of Code Ann. § 88-1803 — that is, by decision of the board of commissioners alone. The "home rule" provision relied upon by the board of commissioners explicitly disallows any such attempt by a local governing authority to change or to interfere with the operation of provisions of general law and, hence, the trial court did not err in enjoining enactment of the proposed ordinance.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 17, 1977 — DECIDED JANUARY 19, 1978.

*Alvin Leaphart,* for appellants.
*Dickey, Whelchel, Miles & Brown, J. Thomas Whelchel,* for appellees.

*Judgment affirmed. All the Justices concur, except Marshall, J., who is disqualified.*

