S94A0603. BROPHY et al. v. McCRANIE.
(442 SE2d 230)

HUNT, Chief Justice.

This appeal involves the Hospital Authorities Law, OCGA § 31-7-70 et seq., and the appointment and composition of members of the Dodge County Hospital Authority under that law.

McCranie, the sole commissioner of Dodge County, brought this quo warranto action seeking a declaration that seven of the nine trustees of the hospital authority were holding office illegally. Subsequently, the parties discovered that in 1993 the General Assembly had passed a local act dealing with the composition of the Dodge County Hospital Authority Board. McCranie amended his action to add a challenge to the constitutionality of the local act, and the trial court ruled in his favor on all issues. We reverse the trial court's order insofar as it holds the trustees are not legal holders of their offices, but affirm the trial court's order regarding the unconstitutionality of the 1993 act.

1. The trial court held the trustees were holding office illegally because each of them had been appointed to succeed himself in violation of a 1969 county resolution which prohibited succession without a break of 12 months. The trustees, citing *Commrs. of Wayne County v. Smith*, 240 Ga. 540 (242 SE2d 47) (1978) argued that the 1969 resolution was an invalid attempt to alter by "home rule" the provisions of the Hospital Authorities Law. We agree.

McCranie contends, and the trial court held, that the 1969 resolution that was adopted by the sole county commissioner at that time, and which has never been repealed, is valid and determinative of the issues in this case by virtue of OCGA § 31-7-72 (c) of the Hospital

Authorities Law which provides:

> Appointments to fill vacancies for either an unexpired or full term on the boards of all hospital authorities in existence prior to March 15, 1964, *shall be governed by the terms of a resolution* adopted prescribing the manner by which vacancies are filled, unless changed by local legislation or constitutional amendment.

(Emphasis supplied.)

The answer to the question presented in this appeal is the meaning of "resolution" in the foregoing section. McCranie's position is that the "resolution" referred to in OCGA § 31-7-72 (c) is that of *the local governing authority*, here the sole county commissioner. Thus, he argues that the 1969 resolution is one "adopted prescribing the manner by which vacancies are filled," and controls because it has not been repealed or changed by valid local legislation or amendment. On the other hand, the trustees argue that the "resolution" referred to is that of *the hospital authority*, made at the time of the 1964 Hospital Authorities Law. On its face, McCranie's argument appears valid. However, a review of the legislative history of the Hospital Authorities Law shows that the trustees are correct, that the above cited language of OCGA § 31-7-72 (c) was consolidated from the existing law, that certain clarifying words were omitted when the General Assembly enacted the Official Code of Georgia Annotated in 1982, and that the "resolution" referred to in OCGA § 31-7-72 (c) is that of the hospital authority's board.

The Hospital Authorities Law of 1964 provided a specific method to fill vacancies on the board of any hospital authority activated on or after March 15, 1964 (Ga. L. 1964, pp. 598, 600, enacted as Code Ann. § 88-1803, now codified as OCGA § 31-7-72 (b)). With regard to hospital authorities like that of Dodge County, which were in existence prior to March 15, 1964, the law provided:

> Appointments to fill vacancies either for an unexpired or full term on the board of all hospital authorities in existence prior to March 15, 1964, shall be made as follows:
> (1) Prior to May 1, 1964, the board of such hospital authority shall by resolution elect to have vacancies filled on such board pursuant to the provisions of this Chapter or in the same manner as such appointments were filled prior to the approval of this Act or its otherwise becoming law.
> (2) After said resolution has been formally adopted by the board, it shall be filed with the governing authority of all participating unit or units of such authority and all appoint-

ments to fill vacancies thereafter shall be governed by the terms of such resolution unless changed by local legislation or constitutional amendment.

Ga. L. 1964, pp. 598, 600, enacted as Code Ann. § 88-1803. Thus, under the first part of the foregoing section, the 1964 law required the boards of all hospital authorities pre-existing that law to adopt a resolution electing to have vacancies on the board filled *either* by the provisions of the new law *or* by the same manner the board had followed prior to the 1964 law. Under the second part of this section, the 1964 statute provides that once the hospital authority made its election of which system of appointments to follow, the terms of the hospital authority's resolution govern "unless changed by local legislation or constitutional amendment." These two paragraphs have not been amended by the General Assembly. However, with the appearance of the Official Code of Georgia Annotated, the two paragraphs of Code Ann. § 88-1803 were consolidated into one, OCGA § 31-7-72 (c), above, on which the trial court relied. In that consolidation, the language indicating that the "resolution" contained in that section is that of the hospital authority was omitted, resulting in the ambiguity presented in this appeal.

OCGA § 1-1-2 provides in part: "Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code." OCGA § 31-7-72 (c) is simply a rearrangement and consolidation of the two paragraphs of the existing statute into one paragraph. Prior to the adoption of the official Code, the statute clearly indicated that once a hospital authority board that pre-existed the 1964 law had elected either its method of filling vacancies or that of the 1964 law, the board's resolution governed until changed by local legislation or constitutional amendment. Nowhere has the General Assembly changed this law to grant *the local governing authority* power to change the method of appointments to fill vacancies on hospital authority boards. See *Tuten v. City of Brunswick*, 262 Ga. 399, 403 (5) (418 SE2d 367) (1992).

Pursuant to the 1964 Hospital Authorities Law, the trustees of the Dodge County Hospital Authority, by resolution in April 1964, elected that appointments to fill vacancies on the hospital authority board be made "in the same manner as such appointments were filled prior to the approval of [the 1964 law]." It is uncontroverted that appointments were then made by the sole county commissioner with no provision for non-succession of trustees. The hospital authority's resolution has not been "changed by local legislation or constitutional amendment."

For the foregoing reasons, the 1964 Hospital Authority Board resolution controls, and the 1969 resolution is invalid as an improper exercise of home rule. *Commrs. of Wayne County v. Smith,* supra. It follows that the directors who have succeeded themselves are not, because of that succession, holding office illegally, and the trial court's order to the contrary is reversed.[1]

2. The trial court correctly held the 1993 act (Ga. L. 1993, pp. 4608-4609) unconstitutional and void in violation of Art. III, Sec. VI, Par. IV (a) of the Georgia Constitution as a special law in conflict with an existing general law. Contrary to the trustees' arguments, the trial court properly held the two parts of the 1993 act are not severable and the act is unconstitutional in its entirety.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 18, 1994 —
RECONSIDERATION DENIED MAY 16, 1994.

*Harrison, Harrison & Llop, Milton Harrison,* for appellants.
*Groover & Childs, Denmark Groover, Jr., Billy W. Walker,* for appellee.

---

[1] McCranie argues that although the "resolution" referred to in OCGA § 31-7-72 (c) may refer to the resolution of the hospital authority made at the time of the 1964 Hospital Authorities Law, the purpose of that resolution was limited to the selection of one of two *methods* of appointment to the authority. McCranie contends that the governing authority, i.e., the commissioner, nevertheless has power and authority under OCGA § 31-7-72 (a), former Ga. Code Ann. § 88-1803, to "make any changes in [hospital authority] membership," including the power to fix the number and terms of the authority's membership. However, those "powers" of the governing body are limited to the initial resolution declaring the "need" for an authority to function which is necessary before a hospital authority can transact any business or exercise any powers.