S98A1803. BEN HILL COUNTY BOARD OF EDUCATION
v. DAVIS et al.
(510 SE2d 826)

HUNSTEIN, Justice.

Appellee Larry Davis was the elected representative from District 5 to the Ben Hill County Board of Education (appellant) when he changed residences within the county. Prior to his move, appellee sought and obtained confirmation from an agent of the Ben Hill County Board of Registrations and Elections (elections board) that his new home was within District 5. In May 1998, shortly after the qualifying period had opened and closed for the primary election to the regular term of the District 7 seat, it was determined that the school board district map, which had been used by the elections board since 1991, contained a slight variance from the authorized map of school board districts and that appellee's new home was actually located within District 7. Since appellee was no longer a District 5 resident, appellant declared the District 5 seat vacant and called for a special election to fill that vacancy.

Appellee filed suit against the members of the Ben Hill County Board of Education in their official capacities, requesting the court to exercise its equitable authority to reopen the qualifying for the District 7 seat. Appellant was neither named nor served with appellee's complaint and it does not appear that appellant was present at the (untranscribed) hearing conducted on the matter. The parties to the hearing stipulated, inter alia, that the elections board map was incorrect; that the error in the elections board map was unintentional; and that appellee now resided in District 7 rather than District 5. The trial court found that the erroneous elections board map had been "mandatorily relied upon" by county voters and school board candidates for seven years; that appellee was removed from his District 5 position for reliance upon this seven-year-old course of conduct; and that the elections board could reopen the qualifying period for the District 7 seat only upon order by a superior court and at the cost of at least $4,900. The trial court then held that because appellee relied through no fault of his own on the advice and conduct followed

by appellant and the elections board, which had failed to discover and enforce the legal school district line, that appellant was therefore equitably estopped from removing appellee from his District 5 seat. Accordingly, the trial court restrained and enjoined appellant from removing appellee; ordered appellant to reinstate appellee to his District 5 seat; enjoined the elections board from holding a special election to fill the District 5 seat and voided all qualifying for a special election; and made appellant a party to the action so that it could appeal the court's decision. Finding the trial court's actions to be both procedurally and substantively erroneous, we reverse.

1. It is error for a trial court to add a party defendant instanter and then issue a permanent injunction against the party without an opportunity for the party to be heard. *Fitzpatrick v. Bloodworth*, 205 Ga. 366, 369-370 (53 SE2d 917) (1949). See also *Stone Mtn. Aviation v. Rollins Leasing Corp.*, 174 Ga. App. 35 (2) (329 SE2d 247) (1985). We find no merit in appellee's contention that appellant's alleged filing of a declaratory judgment action subsequent to the trial court's ruling here in any manner rectified the procedural error. Accordingly, this case is reversed.

2. The trial court erred by finding appellant to be equitably estopped from removing appellee from the District 5 school board seat based on the uncontroverted fact that appellee no longer resides in District 5. The State is not estopped by the unauthorized acts of its agents, whether they are negligent or intentional in nature. OCGA § 45-6-5; *P. C. Gailey Contr. v. Exxon Co.*, 143 Ga. App. 827, 828-829 (2) (240 SE2d 208) (1977). The boundaries for the electoral districts of appellant's members have been established by an act of the General Assembly. Ga. L. 1990, p. 4435, § 2 (a). The persons with whom appellee discussed the location of the District 5 boundary line did not have the authority to change those legislatively-prescribed lines and no action by those unauthorized persons, negligent or otherwise, could estop appellant from asserting the correct boundary lines. See *Corey Outdoor Adv. v. Bd. of Zoning*, 254 Ga. 221, 224 (327 SE2d 178) (1985). Appellee's reliance to his detriment on the misinformation does not change this result since detrimental reliance is not a factor where estoppel cannot be applied as a matter of law. *City of Warner Robins v. Rushing*, 259 Ga. 348-349 (381 SE2d 38) (1989).

3. Our ruling renders it unnecessary for us to address appellant's contention that the trial court's order violates the pre-clearance requirements of the Voting Rights Act of 1965, 42 USC § 1971 et seq.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*John T. Croley, Jr.,* for appellant.

*Cheryle T. Bryan, Mills & Chasteen, Robert W. Chasteen,* for appellees.