S04A0449. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY et al. v. HOSPITAL AUTHORITY OF CLARKE COUNTY et al.

(596 SE2d 164)

THOMPSON, Justice.

In 1960, pursuant to the Hospital Authorities Law of 1941 (Ga. L. 1941, p. 241), Clarke County created the Clarke County Hospital Authority. The Authority was to be governed by a board of trustees. The resolution creating the Hospital Authority did not specify precisely how vacancies on the board of trustees were to be filled. It simply provided that trustees would be appointed by the commissioners of Clarke County. Beginning in 1961, it became the practice of the Hospital Authority and Clarke County to fill these vacancies via a two-step process: First, the Hospital Authority would nominate one or more candidates for a vacancy. Then, Clarke County would fill the vacancy by appointing one of the Hospital Authority's nominees. In other words, Clarke County made the appointments to the board of trustees, but only from a list of nominees submitted by the Hospital Authority.

In 1964 the Hospital Authorities Law was amended to require each hospital authority to "elect to have vacancies filled . . . pursuant to the provisions of this Chapter or in the same manner as such appointments were filled prior to the approval of this Act or its otherwise becoming law." Ga. Laws 1964, pp. 598, 600. In accordance with that amendment, the Clarke County Hospital Authority resolved to fill vacant board positions in the "same manner as such appointments were filled prior to the approval of the 'Hospital Authorities Law' of 1964." Thereafter, with few exceptions,[1] Clarke County and the Hospital Authority continued to follow the two-step process.

In 1991 the Unified Government of Athens-Clarke County (Unified Government) succeeded the former governing body of Clarke County. The Unified Government went along with the two-step appointment process until May of 2003, when it (1) refused to act on the Hospital Authority's nominations to fill two vacancies on the board, and (2) decided to solicit applications and fill the vacancies

---

[1] In 1969, for example, Clarke County filled two vacancies with individuals who had not been nominated by the Hospital Authority. The Hospital Authority objected, and agreed to accept the appointments only on condition that the parties agree upon the method of making future appointments. The next and/ nearly all other vacancies were filled with Hospital Authority nominees. Moreover, in 1982, when local legislation increased the number of trustees from seven to nine, the "new" positions were filled in accordance with the two-step process.

from the applicant pool regardless of whether the applicants were nominated by the Hospital Authority.

The Hospital Authority brought suit, seeking mandamus and injunctive relief. The superior court granted the relief sought and ordered the Unified Government to fill the vacancies on the board by appointing individuals who first have been nominated by the Hospital Authority. This appeal followed.

1. In 1964 the Legislature gave hospital authorities already in existence a choice: fill board vacancies pursuant to the 1964 Hospital Authorities Law,[2] or fill board vacancies in the same way that they had been filled before. Ga. L. 1964, pp. 598, 600. The Clarke County Hospital Authority elected to continue to fill board vacancies "in the same manner" that they had been filled previously. The evidence presented below demonstrates that the two-step procedure outlined above was used to fill board vacancies when the Hospital Authority made its election, and that the two-step procedure was used thereafter almost without exception. Thus, it is clear that the Hospital Authority elected to fill board vacancies "in the same manner" it used previously, to wit: the Hospital Authority nominated one or more individuals to fill a vacancy, and the county appointed one of the nominees. See *Brophy v. McCranie*, 264 Ga. 187, 189 (442 SE2d 230) (1994). The mere fact that that two-step procedure was not set forth in a written document is of no consequence. Obligations and responsibilities can be established by custom and practice as well as by written resolution. See generally *Russell v. Ware*, 220 Ga. 387 (139 SE2d 310) (1964).

2. Local legislation enacted in 1982 did not alter the procedure for filling vacancies on the board. That legislation increased the number of trustees on the board from seven to nine. Ga. L. 1982, p. 3705. It did not speak to the specifics of the appointment process. Moreover, Clarke County appointed the additional trustees by choosing individuals who had been nominated by the Hospital Authority.

3. The Unified Government asserts the Hospital Authority's position is "undermined" because it released statements to investors which read: "The Authority Board recommends two candidates to the Commission for each vacancy, but the Commission is not bound by this recommendation." We disagree. Assuming the Hospital Authority was empowered to issue such statements, but see *Ben Hill County Bd. of Ed. v. Davis*, 270 Ga. 452 (2) (510 SE2d 826) (1999), there is no

---

[2] The 1964 Hospital Authorities Law provided that hospital authorities not yet in existence would fill board vacancies as follows: (1) the county government would submit a list of three names; (2) the hospital authority would select one of the persons on the list; (3) if the hospital authority declined to select a person on the list, the county government would submit a second list of three names, one of whom must be selected by the hospital authority. Ga. L. 1964, p. 499.

evidence that the Unified Government relied on them to its detriment. Id. Thus, it cannot be said that the Hospital Authority is estopped from seeking mandamus as a matter of law.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2004 —
RECONSIDERATION DENIED JUNE 4, 2004.

*Begnaud & Marshall, Andrew H. Marshall, William C. Berryman, Jr.,* for appellants.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant, Fortson, Bentley & Griffin, J. Edward Allen,* for appellees.

*Alston & Bird, Jack S. Schroder, Jr.,* amicus curiae.